Mr. Chief Justice Marshall
 

 delivered the opinion of the Court.
 

 
 *547
 
 The indictment in this case is certainly sufficient to sustain a judgment according to the verdict, and all the other proceedings are regular. There is therefore no cause for arresting the judgment.'
 

 The motion for a new trial has never, before been brought to this Court bn a division of opinion in the Circuit Court. It had been decided, that a writ of error could not bé sustained to any opinion on such motion, and the reasons for that decision seemed entitled to great weight, when, urged against determining such a motion in this Court, in a case, where .the judges at the circuits were divided, on it. When we considered the motives which must have operated with the legislature for. introducing this clause into the judiciary act of 1802, we were, satisfied that it could not be' intended to apply to motions for a new trial..
 

 Previous to the passage of . that act, the Circuit Courts 'were ■composed 'of, three judges, and . the judges of the Supreme Court changed their Circuits. If all the . judges.-were present,, no division of opinion could take pláce.. If only, one judge of the Supreme Court should attend, add a division should take place, the cause was continued .till,the next term, when a different judge would attend.' 'Should the same.division continue, there would then béthe opi-. nion of two j udges against one; and the law provided, that in such case that opinion should be the judgment of the Court. But the act of 1802, made the judges of the Supreme Court stationary, ,so that the same judge constantly attends the same circuit. This great improvement of the pre-existing system,
 
 *548
 
 vfas. attended with this difficulty* The Court being always-composed of. the same two judges, any division of opinion would rerpain, and the question Would continue: unsettled. • To remedy this inconve? nience,;the clause under consideration was introduced. Its application .to motions for a new trial seems unnecessary. Such a .motion is not a part of the proceedings in the cause, it is an. application' to the discretion of the Court, founded on evidence which the Court has heard, and which may make an impression not always to be communicated by a statement of that evidence. A .division of opinion is a rejection of the motion, and the verdict stands. There is nothing then in the reason of the provision which wbu Id apply it to this case.
 

 Although the words of the act direct generally,' <{ that whenever any question shall occur,., befere a Circuit Court, upon which the opinion, of the judges shall be opposed, the point upon which the disagreement shall happen shall” be certified, &c. yet it is apparent that the question must be one which arises in a cause depending before the .Court relative, tó a proceeding belonging tb the cause. The first proviso is, “ That nothing, herein contained shall present the cause from proceeding, if, in the opinion of the Court, fárther proceedings can be had without prejudice to the iherits.”
 

 It was also contended, that.under thesecond proviso, Lewis Daniel ought to. be discharged. • That proviso is in these words: “ And provided also that imprisonment-shall not bé allowed, nor punishment in any case be inflicted, where the judges of the said
 
 *549
 
 Court arc divided in opinion upon the question touching the said imprisonment. or punishment.”
 

 A motion for a. new. trial is not “the question touching tjhe said imprisonment or punishment.” That question must arise on the law, as applicable to the case; and is not, it would seem, to be referred to this Court. The proviso, if applicable to such a case as this, would direct the Circuit Court not to certify íbeir'division of opinion to this Court, but, in consequence of that division, to enter a judgment for the defendant. This Court can only decide the question referred to it, and certify its opinion upon that question to the Circuit Court, who' will then determine what judgment it is proper to render.
 

 Certificate. This cause came on to be heard on the' transcript of the record ; and on the points on which.the judges in the Circuit Court were divided in opinion, and was argued by counsel: On consideration whereof, this.Court is of opinion, that there is no error in the record arid proceedings of the Circuit Court, for which judgment ought to be arrested. And this Court is farther of opinion, that a division of the judges of the Circuit Court, on a motion for a new trial, is not one of those divisions of opinion which is to be certified to this Court for its decision, under the act, entitled, <c an act to amend the judicial system of the United States.”
 

 All which is ordered to be certified to the United States Court for the sixth Circuit and District of South Carolina.
 

 Wiltberger v. United States, 5
 
 Wheat. Rep.
 
 96.