ELIZABETH DAVIS, ADMINISTRATRIX OF JOHN H. DAVIS V. ALEXANDER BRADEN.

The defendant in an action of detinue died previous to the return day of the term, and at the term his death was suggested, and a scire facias was issued to his executors, to a subsequent term, and the plaintiff moved the court to revive the suit against them; which motion, on argument, was overruled, and the suit abated. On a day afterwards, in the same term, the plaintiff's attorney moved the court to rescind the order refusing to revive the suit; and upon this motion the judges were opposed in opinion, whether the action could be revived against the personal representatives of the defendant; which division was certified to the supreme court. Held: that the question cannot be brought up on a certificate of division. There was not, in strictness, any cause in court. The insurmountable objection is, that the granting or refusing the motion, was a matter resting in the discretion of the court, and did not present a point that could be certified under the act of congress. Although the words of the act are general, that whenever any question shall occur before a circuit court, upon which the opinion of the judges shall be opposed, the point shall be certified, &c.; yet it is very certain that this cannot embrace every question that may arise in the progress of a cause, from its commencement. There may be many motions made in the different stages of a cause, before trial, that could not be brought here under a certificate of division; such as motions for amendments, for commissions, for continuances, &c., and various other motions that arise in the progress of a suit; which, if brought up in this manner, would occasion great delay and expense. These, and all other questions resting in the discretion of the circuit court, are not to be reviewed here.

The questions which may be certified, are those which may arise on the trial of a case, and are such as may be presented upon the final hearing of a cause, or pleas to the jurisdiction of the court. The motion in the present case does not stand on stronger grounds than a motion for a new trial; and it has been decided in this court, in the case of the United States v. Daniel, 6 Wheat. 542, 5 Cond. Rep. 170; that a division of opinion upon such a motion cannot be brought here by a certificate of a division of opinion in the circuit court; and the reason assigned is, that the granting or refusing a new trial is a mere matter of discretion; and the refusal, although the grounds of the motion be spread upon the record, is no sufficient cause for a writ of error. The effect of the division is, that the motion is lost: so in the present case, the effect of the division of opinion is, that the motion is lost, and the plaintiff is driven to a new suit.

The court do not mean to decide, definitively, that no question can be brought here upon a certificate of a division of opinion, unless the point arose upon the trial of the cause; but are very much induced to think that such is the true construction of the act: but from the general words used, cases may possibly arise that we do not foresee.

ON a certificate of division in opinion from the circuit court of the United States for West Tennessee.

[Davis v. Braden.]

At September term 1825, an action of detinue was instituted in the circuit court, by John H. Davis against Alexander Braden, to recover a negro slave. During the progress of the suit, the plaintiff died, and the suit was revived in the name of Elizabeth Davis, his administratrix, on the 1st day of October 1830. Afterwards the defendant Alexander Braden died; and at September term 1832, his death was suggested by the plaintiff: and at September term 1833, the court made an order as follows: " It appearing to the court that the death of the defendant was suggested at the last term of this court, and no steps having been since taken to revive the suit against the representatives of said defendant, it is ordered that the same abate." Afterwards, at the same term, the order abating the suit was set aside, and a scire facias was issued to his executor; and on the return of the same, in September 1834, a motion to revive the suit against the executor of Alexander Braden, was upon argument overruled. On a day afterwards, in the same term, the plaintiff's counsel moved to rescind this order; and the court directed the following to be entered of record, viz.

"This was an action of detinue founded on a tort, brought by the plaintiff against Alexander Braden, the defendant, for the wrongful detention of a slave. The defendant, Braden, died previous to September term 1832, before the suit could be tried. His death was suggested at September term 1832, and a scire facias issued against Margaret Braden and Harvey Braden, his personal representatives, since the last term, returnable to the present term, to show cause why the said action should not be revived.

"The personal representatives by their counsel appeared, and upon argument of the motion, whether the said action should or could be revived against said personal representatives, the opinions of the judges on said point were opposed. Whereupon, upon motion of the plaintiff, by her attorney, that the point upon which said disagreement happened, may be stated under the direction of the judges, and certified under the seal of the court, to the supreme court to be finally decided: it is, therefore, ordered that the foregoing statement of facts in relation to said disagreement, which is made under the direction of the judges, be certified, according to the request of the parties, and the law in that case made and provided."

Mr Huntsman, for the defendant, stated that the record presents but one question for the decision of this court. Can an action of de-

[Davis v. Braden.]

tinue, founded on a wrongful detention of property, be revived against the executor or administrator of a deceased defendant.

For defendant it is insisted it cannot.

The unlawful detention is the gist of the action. 1 Inst. 286 ; 1 Chitty, pl. 119. But this question has been put at rest in the state of Tennessee, by the very elaborate decision of the supreme court of that state, in the case of Jones and Glass against E. B. Littlefield, administrators, &c., reported in 3 Yerg. 133. That case is decisive of this cause, and the court say, "an action of detinue, founded on a wrongful detention of property, cannot be revived against an administrator," &c.

The instruction to the circuit court should be, that this suit cannot be revived against the personal representatives of Alexander Braden deceased.

No counsel appeared for the plaintiff.

Mr Justice THOMPSON delivered the opinion of the Court.

This was an action of detinue, brought against the defendant for the wrongful detention of a slave. The defendant died previous to the term of the circuit court in the district of West Tennessee in September 1832. His death was suggested at that term, and a scire facias afterwards issued against Margaret Braden and Harvey Braden, his personal representatives, returnable at the September term 1834 ; at which term the parties appeared by their attorneys: and the plaintiff's attorney moved to revive the suit against the executors of Braden, which motion, on argument, was overruled by the court, and the suit abated ; and at a subsequent day in the same term the plaintiff's attorney moved the court to rescind the order refusing the motion to revive the suit ; and upon this motion the judges were opposed in opinion whether the action could be revived against the personal representatives of the defendant ; and the case comes here on a certificate of a division of opinion.

This question cannot, we think, be brought up on a certificate of division of opinion in the circuit court: there was not, in strictness, any cause in court. This suit had abated by the death of the defendant ; and the motion to revive it against his personal representatives had been denied, and the motion on which the division of opinion arose was to rescind that rule. This motion, however, being made at the same term in which the motion to revive had been

[Davis v. Braden.]

overruled, this objection may not be conclusive : but the insurmountable objection is, that the granting or refusing this motion was a matter resting in the discretion of the court, and did not present a point that can be certified under the act of congress.

Although the words of the act are general, that whenever any question shall occur before a circuit court upon which the opinion of the judges shall be opposed, the point shall be certified, &c.; yet it is very certain that this cannot embrace every question that may arise in the progress of a cause, from its commencement. There may be many motions made in the different stages of a cause, before trial, that could not be brought here under a certificate of division ; such as motions for amendments, for commissions, for continuances, &c. ; and various other motions that arise in the progress of a suit; which, if brought up in this manner, would occasion great delay and expense. These, and all other questions resting in the discretion of the circuit court, are not to be reviewed here.

The first proviso in this section of the act (3 Laws U. S. 482, sect. 6) would seem very plainly to indicate, that the points which may be certified to this court, must arise upon some question at the trial : "Provided, that nothing herein contained shall prevent the cause from *proceeding;* if, in the opinion of the court, further proceedings can be had without prejudice to the merits." And this construction of the act is in some measure corroborated by the provision in the former act of 1793, 2 Laws U. S. 366, for the like purpose; providing for a division of opinion, when the court should be held by the district judge and one of the judges of the supreme court. That act is in terms restricted to questions arising upon a final hearing of a cause or pleas to the jurisdiction of the court. The provision in the present act of 1802, was a substitute for that, as to the mode of disposing of the question. But there is nothing in this act affording grounds for the conclusion, that it was intended to enlarge the provision as to the questions that were to be brought up.

The motion in the present case does not stand on stronger grounds than a motion for a new trial ; and it has been decided in this court, in the case of the United States v. Daniel, 6 Wheat. 542, that a division of opinion upon such a motion cannot be brought here by a certificate of a division of opinion in the circuit court : and the reason assigned is, that the granting or refusing a new trial is a mere matter of discretion ; and the refusal, although the grounds of the motion be spread upon the record, is no sufficient cause for a writ of error.

[Davis v. Braden.]

The effect of the division is, that the motion is lost: so in the present case, the effect of the division of opinion is, that the motion is lost and the plaintiff is driven to a new suit.

It may be supposed that the case of the United States v. Wilson, is an authority for entertaining the present question; 7 Peters 154; but that case differs essentially from this. That case was actually in court, and the motion on which the judges were opposed in opinion related to proceedings in the trial of the cause: the prisoner having pleaded guilty; pronouncing judgment by the court was a part of the trial, and the question arose upon a motion of the district attorney for judgment. It was not a matter resting in the discretion of the court, whether to give judgment or not: the court was bound, either to pass sentence upon the prisoner, or to discharge him. The point upon which the judges were divided in opinion did not relate to any matter resting in the discretion of the court, as to the nature or degree of punishment; but whether the prisoner was punishable at all or not: and that depended upon a question of law growing out of the pardon of the prisoner; and in no respect rested in the discretion of the court. We do not mean to decide, definitively, that no question can be brought here upon a certificate of a division of opinion, unless the point arose upon the trial of the cause; but we are very much induced to think that such is the true construction of the act: but from the general words used, cases may possibly arise that we do not foresee. The question, however, brought up in the present case, being one resting entirely in the discretion of the court, is clearly not within the act; and this court cannot, therefore, take cognizance of the question.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of West Tennessee, and on the point and question on which the judges of the said circuit court were opposed in opinion, and which was certified to this court for its opinion agreeably to the act of congress in such case made and provided, and was argued by counsel; on consideration whereof, it is the opinion of this court, that it cannot take cognizance of the question certified, the case being one resting entirely in the discretion of the circuit court, and therefore clearly not within the act of congress of the 29th of April 1802: whereupon, it is ordered and adjudged by this court, that it be so certified to the said circuit court.