### SAMUEL PACKER AND OTHERS V. HENRY NIXON, ADMINISTRATOR OF MATTHIAS ASPDEN DECEASED.

Questions respecting the practice of the circuit court in equity causes, which depend upon the exercise of the sound discretion of the court, in the application of the rules which regulate the course of equity proceedings, to the circumstances of such particular case; are not questions which can be certified on a division of opinion of the judges of the circuit court, under the act of 1802, chap. 32.

ON a certificate of division of opinion from the circuit court of the United States, for the eastern district of Pennsylvania.

At January term, 1835, this case was before the court, (9 Peters 483) on an appeal; and the decree of the circuit court was reversed, without a decision on the merits, for the purpose of amending the proceedings by entering an allegation of the domicil of the testator, the construction of whose will was the subject of controversy; and introducing proof in relation thereto; and also to allow the introduction of other parties claiming the estate of the testator.

After the coming in of the mandate of this court, certain other proceedings took place in the circuit court; an amended bill was filed by the original complainant, containing the allegation of domicil, which was considered necessary by the supreme court; and numerous petitions, to be allowed to become parties, were presented by other persons.

Among these, Janet Jones, and Mary Poole, filed their bill, claiming the whole estate of the testator; as heirs at law and next of kin of John Aspden of London; whom they aver to have been heir at law of the testator, and as such entitled to his whole estate, real and personal, under his will.

John A. Brown also filed a bill, claiming the whole personal estate of the testator, as the administrator of John Aspden of London.

He took out letters of administration in Pennsylvania, upon the estate of John Aspden, as the attorney of the children of John Aspden of London.

Henry Nixon, the defendant, filed an answer to all these bills; and subsequently, under leave to amend his answer and plead, filed an amended answer, with certain pleas thereunto annexed.

[Packer v. Nixon.]

In these pleas he averred certain proceedings to have taken place in the court of chancery and court of exchequer in England; in which he alleged, inter alia, that Janet Jones and Mary Poole instituted those suits, for the same subject matter; and that John A. Brown's bill was in the same right, and also for the same matter.

No affidavit was made to these pleas by the executor, as they were filed at the instance of the counsel of one of the parties; in the execution of a purpose to allow all matters which were claimed as important to the full consideration and proceedings in the case, to be brought forward and exhibited for the consideration of the court.

On the 14th of November 1835, the counsel for Mrs Poole and Mrs Jones, and the counsel for John A. Brown, administrator of John Aspden of London; moved for a rule to show cause why the pleas in bar should not be stricken off, as containing averments of matter in pais not verified by affidavit.

On the same day the counsel for John Aspden of Lancashire, moved for a rule on Mrs Poole and Mrs Jones, and on John A. Brown, administrator of John Aspden of London, to show cause why they should not be required to elect on which bill or petition they will proceed; and to abide by the one elected and abandon the other.

On the 6th of January 1836, on the hearing of these motions, the following questions occurred, upon which the opinions of the judges were opposed:

1st. Whether it is necessary that an affidavit be made to the pleas in bar to the petition of John A. Brown, or to any part thereof; and if so, to what part?

2d. Whether the rule moved for by Mr Ingersoll and Mr Sergeant on the 14th day of November 1835, in the following words: "Mr Sergeant, for John Aspden of Lancashire, moves for a rule on Mrs Poole and Mrs Jones, and on John A. Brown, administrator of John Aspden of London; to show cause why they should not be required to elect on which petition or bill they will proceed, and to abide by the one elected and abandon the other: Mr J. R. Ingersoll, for the executor Mr Nixon, makes the same motion as Mr Sergeant:" ought to be granted or not.

"And the said judges being so opposed in opinion upon the questions aforesaid, the same were then and there, at the request of Mr Ingersoll, counsel for Henry Nixon, and Mr Sergeant, counsel for John Aspden of Lancashire, stated under the direction of the judges, and

ordered to be certified under the seal of the court, to the supreme court at their next session to be held thereafter; to be finally decided by the said supreme court."

The case was argued on the questions presented in the certificate by Mr H. J. Williams, for Mrs Poole and Mrs Jones; and by Coxe, for John A. Brown, administrator. Mr Ingersoll appeared for the executor, and disclaimed any other interference in the case but for his protection. Mr Rawle argued the case for John Aspden of Lancashire. The decision of the court upon the questions presented in the argument was not given; as the court considered it could not entertain jurisdiction of the questions certified. The arguments of the counsel are, therefore, not given.

Mr Justice STORY delivered the opinion of the Court.

This was the case of certificate of division of opinion from the circuit court for the district of Pennsylvania, certified to this court under the act of congress of the 29th of April 1802, ch. 32, sec. 6.

The case was formerly before this court, and the decision will be found reported under the name of Harrison and others v. Henry Nixon, in the ninth volume of Mr Peters's Reports (p. 483, &c.). Upon the mandate in that case being returned to the circuit court, further proceedings were had in conformity thereto; and in the course of those proceedings the questions now propounded to this court upon the certificate arose. They are as follows:

1. Whether it is necessary that an affidavit be made to the pleas in bar to the petition of John A. Brown, or to any part thereof; and if so, to what part?

2. Whether the rule moved for by Mr Ingersoll and Mr Sergeant, on the 14th day of November 1835, in the following words: " Mr Sergeant, for John Aspden of Lancashire, moves for a rule on Mrs Poole, and Mrs Jones, and on John A. Brown, administrator of John Aspden of London, to show cause why they should not be required to elect on which petition or bill they will proceed; and to abide by the election and abandon the other: Mr J. R. Ingersoll, for the executor Mr Nixon, makes the same motion as Mr Sergeant:" ought to to be granted?

We are of opinion that the questions are not of such a nature as are contemplated to be certified to this court, under the act of 1802, ch. 32. They are questions respecting the practice of the court in equity

[Packer v. Nixon.]

causes; and depend upon the exercise of the sound discretion of the court, in the application of the rules which regulate the course of equity proceedings to the circumstances of each particular case. But it is to be understood, that in the present case this general discretion is subject to the former order of this court, in regard to the making of parties, and other proceedings contained in the mandate; when the cause was remanded at the last January term of this court, as stated in 9 Peters's Rep. 540.

We shall accordingly direct this opinion to be certified to the circuit court.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Pennsylvania; and on a certificate of division in opinion between the judges of the said circuit court upon the following questions: viz. 1st. Whether it is necessary that an affidavit be made to the pleas in bar to the petition of John A. Brown, or to any part thereof; and if so, to what part? 2d. Whether the rule moved for by Mr Ingersoll and Mr Sergeant, on the 14th day of November 1835, in the following words: "Mr Sergeant, for John Aspden of Lancashire, moves for a rule on Mrs Poole and Mrs Jones, and on John A. Brown, administrator of John Aspden of London, to show cause why they should not be required to elect on which petition or bill they will proceed, and to abide by the one elected and abandon the other: Mr J. R. Ingersoll, for the executor Mr Nixon, makes the same motion as Mr Sergeant." And these questions were argued by counsel; on consideration whereof, it is the opinion of this court that neither of these questions is of such a nature as are contemplated to be certified to this court under the act of the 29th of April 1802, ch. 32. That they are questions respecting the practice of the court in the application of the general rules which regulate the course of equity proceedings to the circumstances of each particular case; and therefore this court have no jurisdiction to answer the same. But it is to be understood, that in the present case this general discretion is subject to the former order of this court in regard to the making of parties, and other proceedings contained in the mandate, when the cause was remanded at the last January term of this court. It is therefore ordered and adjudged that this opinion be certified to the said circuit court; and that the cause be remanded for further proceedings.