ADAM OGILVIE ET AL. COMPLAINANTS, *v.* THE KNOX INSURANCE COMPANY ET AL.

Where questions are certified up to this court in consequence of a division in opinion between the judges of the circuit court, which questions involve the consequences of fraud by an agent of a company and no facts are set forth showing the connection of the agent with the company, the questions are too general and abstract for this court to answer.

The cause must, therefore, be dismissed.

THIS case came up from the circuit court of the United States for the district of Indiana, upon a certificate of division in opinion between the judges thereof.

As the record was very short, it is thought proper to insert the whole of it.

Be it remembered, that amongst the records of the United States circuit court for the seventh judicial circuit and district of Indiana, begun, continued, and holden at Indianapolis, in said district, on the first day of June, in the year of our Lord 1855 —that being the eleventh day of said term of said court— before the Honorable John McLean and the Honorable Elisha M. Huntington, judges of said circuit and district, is the following order, to wit:

ADAM OGILVIE et al.
      *v.* } Chancery.—No. 3.
THE KNOX INSURANCE COMPANY et al.

Now at this time come the parties, and the judges of this court being opposed in opinion on certain questions arising in this cause, they order and direct that the following statement of the matters and questions upon which the opinions of the judges are so opposed be entered upon the record of this court, and that the same be certified under the seal of this court to the supreme court of the United States, to be finally decided.

OGILVIE and others, complainants,
      *v.*
THE KNOX INSURANCE Co., Cullom and others, }
      defendants.

The complainants are the several creditors of the Knox Insurance Company, holding judgments and executions returned "no property," &c., against the company. Cullom and the other defendants, twenty-five in number, are charged as stockholders in default in the payment of their several stock subscriptions.

The bill charges substantially as follows:—

1. That some time before the 12th of February, 1850, the

company was duly organized under its charter, and had authority to receive further subscriptions of stock; and that afterwards, at various times, between that time and the 1st of June, 1850, Cullom and the other defendants, severally, became subscribers for stock, and either paid in cash or secured by note or bill of exchange ten per cent. of the amounts severally subscribed, and for the balance made their notes or bills; and that the bills of exchange made for the ten per cent. was renewed by other bills of exchange drawn in September and October, 1850, and the bill sets out all the securities remaining due and unpaid.

2. That the complainants are creditors of the company by reason of losses on policies issued by the company, at various times, after the subscriptions of the defendants, and the judgments and executions are stated.

3. That the company is destitute of property subject to execution.

4. That the company has neglected to enforce the collection of the money due from the defendants.

5. That the defendants refuse to pay, on the pretence that their subscriptions were procured by means of certain false representations concerning the situation, prospects, and actual business of the company.

7. And that the complainants are advised, that it is not material to them or to others who have dealt with the company, how or why the defendants became stockholders; that, by becoming such, the defendants gave credit to the company, by means whereof the complainants were induced to deal with it.

8. That of the defendants, Battorff, Cullom, Hughes, Sparkes, and Savitz, and one Kegwin, a debtor, subscriber not made a party because a citizen of Kentucky, acted as officers of the company throughout the year 1850.

9. And that the defendants, nor any of them, did not, at any time in any manner, attempt to inform the public of the alleged facts now set up in defence.

The prayer is that the defendants pay, &c., and for general relief. The Knox Insurance Company answered, and admitted generally the facts stated in the bill, &c. Cullom and the other defendants severally answered. The answers admit the execution of the securities by the defendants on account of the stock subscribed by them, and set up as a defence substantially the following: That Robert N. Carnan was an agent of the company to procure subscriptions of stock, and as such, in February, 1850, made to defendants certain false representations, by which they were induced to subscribe for said stock, and give their said notes and bills. Their representations were as to the amount of stock then subscribed and secured at Vincennes, and as to

Ogilvie et al. *v.* The Knox Insurance Co. et al.

the amount of funds on hand; and that defendants had not at that time any means of knowing the accuracy of these representations.

The depositions of Cullom, Savitz, and Schwartz (three of the defendants) were taken and offered to be read in evidence in behalf of the other defendants, but not in behalf of themselves, to prove the allegations of fraud set out in the answers. The complainants objected to the competency of said witnesses, because they were parties to this action, and the objections by consent of parties were reserved to the hearing.

At the May term, 1854, this cause was submitted to the court on the bill, the answers, and the depositions, including the depositions of Cullom, Savitz, and Schwartz, which were then read, subject to the objections above mentioned; and after argument, the said cause was continued under advisement to the November term following.

At the November term, 1854, the cause was continued to the May term, 1855, under advisement.

And now, at the May term, 1855, under the pleadings and on the state of facts above set forth, the following questions occurred:

1. Are the depositions of said Cullom, Savitz, and Schwartz, under the circumstances of this case, and to the effect above stated, competent as evidence for their co-defendants? And, on this question, the opinions of the judges were opposed.

2. Will the fraud of the agent of the Knox Insurance Company, in procuring said subscriptions, notes, and bills, if sufficient to avoid said subscriptions, notes, and bills, as against said Insurance Company, be a defence against the complainants in this suit.

And on this question the opinions of the judges were opposed.

Whereupon, it is ordered, according to the request of the complainants, and to the law in that case provided, that the foregoing statement of the pleadings and facts, which is made under the directions of the judges, be certified under the seal of this court to the supreme court to be finally decided.

I, Horace Bassett, clerk of said court, do hereby certify, that the above and foregoing is a true and correct copy from the records now in my office

In witness whereof, I have hereto set my hand and affixed the seal of said court, on this sixth June, in the year of our Lord one thousand eight hundred and fifty-five.

[L. S.]

H. BASSETT, Clerk.

Mr. Justice DANIEL delivered the opinion of the court.

The complainants, by bill in equity, claim an indemnity for losses upon policies issued to them by the company. They allege that the company by its charter, were authorized after their organization, to increase the amount of their stock by further subscriptions thereto. That in virtue of the authority of this permission, several individuals who are made defendants to the bill, did in June, 1850, subscribe for shares in the company; that they had paid in cash a portion of those shares, and had executed for the residue securities which were still unpaid. The bill further alleges, that the company are destitute of funds or property which can be reached by execution, and prays that the amounts subscribed by the individual defendants as stockholders, and which are still unpaid, may be applied to the satisfaction of the demand of the complainants.

The answer of the company, which is not made a part of this record, is stated to contain a general admission of the charges in the bill. The individual defendants, whilst they do not deny their subscription to the stock of the company, nor their execution of the securities for the payment of that subscription, deny their liability to payment thereof upon the ground that their subscription, and the execution of those securities, were obtained from them by fraudulent representations by the agent of the company, as to the amount of the stock actually subscribed, and as to the funds possessed by the company. The depositions of three of the individual defendants were offered in evidence on behalf of others, who were co-defendants, to prove the fraud in the agent of the company alleged in the answers, and were excepted to as incompetent evidence. But the facts stated by these witnesses are not set forth in the record. At the hearing the following order was made by the court, viz: And now at the May term 1855, under the pleadings and on the facts above set forth, the following questions occurred :—

1. Are the depositions of the defendants, Savitz, Cullom, and Schwartz, under the circumstances of this case and to the effect above stated, competent as evidence for their co-defendants ?

2. Will the fraud of the agent of the Knox Insurance Company in procuring said subscriptions, notes, and bills, if sufficient to avoid the said subscriptions, notes, and bills, as against the said insurance company, be a defence against the complainants in this suit ?

Upon the first question propounded by the certificate in this case, we deem it unnecessary to express an opinion, because, whatever might be the opinion of this court as to the degree of interest which shall disqualify a witness, we consider the solution of any such question as irrelevant, under the considerations by which our opinion upon this case as presented to us must be controlled.

The foundation of the case certified is, first the assumption of fraud practised by the agent of the insurance company; and, secondly, an inquiry as to the liability of the company resulting from the connection of the company as principal with their agent, and from the character of the fraud assumed as above.

The question of fraud or no fraud, is one necessarily compounded of fact and of law; and without a correct and precise knowledge of the facts from which the legal conclusion should be deduced, it is not easy to perceive how any legal conclusion can be reached.

In this case, as certified, there is no fact shown by which the precise connection of this alleged agent with the company is established; or the character or extent of any representations said to have been made by him, and upon which it is assumed that the company may be bound. There is nothing then before us upon which this court could deduce any inference or conclusion properly applicable to the case as it really exists. The question propounded, therefore, appears to be one that is entirely general and abstract, and which can admit of no answer but one which is equally abstract and general, and which may in truth have no application to the case. We therefore think that this certificate admits of no other answer than an order that the case be remanded to the circuit court to be proceeded in according to law.