### A. Smith Bagg vs. The City of Detroit.

The Supreme Court has jurisdiction of questions of law reserved by the Circuit Judges in equity causes for the opinion of the Supreme Court.

The Circuit Judges can reserve for the opinion of the Supreme Court purely legal questions only, and not questions of fact, or mixed questions of law and fact. The questions reserved must be presented directly and definitely, and this Court can not be requested to look at a statement of facts and objections, and infer what questions, among the many which arise on them, are the questions which were meant to be reserved.

It is no objection to the jurisdiction of the Supreme Court on questions reserved, that the same questions may come up on exceptions or appeal.

The statute did not intend that questions should be reserved, unless the Judge below has well-founded doubts upon them, save where they are now, and of public importance.

*Heard May 7th.   Decided May 14th.*

Case reserved from Wayne Circuit Court, in Chancery.

*Mr. C. I. Walker* moved to dismiss the case, for want of

jurisdiction. He contended that the statute did not authorize the Circuit Judges to reserve questions for the opinion of this Court in chancery causes, and stated, as matter of fact, that, although the late Supreme Court took cognizance of and passed upon such cases, the power to do so had been doubted by at least a portion of the judges, and that the point had never been directly decided by that Court, or raised in it.

*G. V. N. Lothrop*, contra.

CAMPBELL J.:

This is a motion to dismiss the case reserved, for want of jurisdiction. The objection made is that this Court has no jurisdiction to hear questions reserved in equity causes.

The statute under which this Court obtains its jurisdiction, is found in 2 Compiled Laws, page 996, Sec. 3422, and provides that, "If in any civil cause or criminal prosecution in any Circuit Court, any question of law shall arise, which, in the opinion of the Circuit Judge, should be reserved for the opinion of the Supreme Court, he shall report the case, so far as may be necessary to present such question of law, and transmit the same," &c. This law is in substance the same with the first law on the subject, except that in the present law, the term "civil cause" is used in place of the term "civil suit," which was the phrase of the former law.

The term "civil cause" has no technical meaning, and may embrace any kind of civil controversy. Whether it embraces equity causes here, does not therefore depend on any verbal nicety.

The phrase being broad enough to include such cases, they will be considered as included unless some reason presents itself to remove them from the reach of the statute. Although the consideration of reserved questions in equity is not altogether convenient or desirable in all cases, yet we can not, on that account alone, decline jurisdiction if

the law has, imposed it.    These considerations may have more or less weight in arriving at the legislative intent.

The chief objection urged to the jurisdiction in equity cases is, that it not only brings up facts and testimony upon which many questions may arise, but it leaves it in the power of parties, after the opinion of this Court is certified to the Court below, to bring the whole matter up again by appeal. The latter objection, however, applies equally to points reserved in common law cases, for there is an equal opportunity to bring up the same questions by bill of exceptions on writ of error.    We can not, in either case, prevent any party from prosecuting such remedies as the law gives him.    When parties bring before us questions which we have already decided before in the same controversy, we can always determine whether we desire more light upon the matters decided.

The other objection is one which is founded upon a misapprehension of what is the true meaning of the statute upon the method of reservation, and we avail ourselves of this opportunity to express our views upon the true construction of the law in this respect, and the considerations which will govern our action under it.

In the case of *The People vs. Adwards*, decided by this Court at the January Term of the present year,* we declined considering any reserved question which was not strictly a question of law.    Such is, in our view, the true meaning of the statute.    We are not at liberty to take up mixed questions of law and fact, or to give our opinion on matters that are addressed to the discretion of the Circuit Courts. And where the question presented is merely one of law, there is no more difficulty in reaching or deciding it in a chancery case than in a case at law.    And we can well perceive how, in the earlier proceedings in equity cases, questions may arise which may give entirely different directions to the subsequent steps, according to the mode of their settlement.

* *Ante,* p. 22.

BAGG *vs.* THE CITY OF DETROIT.

No citation of authorities was made upon the argument, but we find in the practice of the Federal Courts a proceeding so similar that, if not the pattern of our legislation, it may serve very well as a guide in its construction. The laws of the United States provide that whenever any question shall occur before a Circuit Court, upon which the opinions of the judges shall be opposed, the point on which the disagreement shall happen shall be stated and certified for the opinion of the Supreme Court. This law has been applied to chancery cases as well as questions of law. And we propose to refer to some of the decisions upon certified cases under it, which, in our opinion, furnish much light upon our own course.

It is held uniformly that if the judges divide upon a question of discretion merely, the case will not be heard. — *United States vs. Chicago,* 7 *How.* 185; *Davis vs. Braden,* 10 *Pet.* 286; *United States vs. Daniel,* 6 *Wheat.* 542; *Grant vs. Raymond,* 6 *Pet.* 218; *Smith vs. Vaughan,* 10 *Pet.* 366; *Packer vs. Nixon,* 10 *Pet.* 408.

The questions certified must be questions of law, not questions of fact, and not questions which involve or imply conclusions or judgment by the judges upon the weight or effect of testimony or facts adduced in the cause. — *Dennistoun vs. Stewart,* 18 *How.* 565; *Ogilvie vs. Knox Ins. Co.* 18 *How.* 577; *Adams vs. Jones,* 12 *Pet.* 207; *Wilson vs. Barnum,* 8 *How.* 258.

If the whole case, although broken into different points, appears to have been certified, it will be dismissed for want of jurisdiction. — *Luther vs. Borden,* 7 *How.* 1; *Webster vs. Cooper,* 10 *How.* 54; *White vs. Turk,* 12 *Pet.* 238; *Saunders vs. Gould,* 4 *Pet.* 392; *Nesmith vs. Sheldon,* 6 *How.* 41; *United States vs. Stone,* 14 *Pet.* 524; *Grant vs Raymond,* 6 *Pet.* 218; *United States vs. Bailey,* 9 *Pet.* 267; *Dennistoun vs. Stewart,* 18 *How.* 565.

It is no objection to the jurisdiction that the questions

may come up on exceptions.—*Ogle vs. Lee*, 2 *Cranch*, 33; *Grant vs. Raymond*, 6 *Pet.* 218.

The precise questions of law upon which the judges differ, must be directly and explicitly presented, and not left to be inferred from the case.—*Wolf vs. Usher*, 3 *Pet.* 269; *Saddler vs. Hoover*, 7 *How.* 646; *United States vs. Briggs*, 5 *How.* 208; *Dennistoun vs. Stewart*, 18 *How.* 565; *Ogilvie vs. Knox Ins. Co.* 18 *How.* 577.

And we refer to the language of Mr. Justice Woodbury in *United States vs. Chicago*, 7 *How.* 192, as containing much good sense on the subject. He says: "There has justly been a leaning in this Court to decline jurisdiction in cases of divisions below, where it is doubtful; because the power vested here in such cases, it is believed, was meant to be much more restricted than is often practiced, and is, in the most favorable view, rather an anomaly. But by considering questions, if certified here, only when real divisions of opinion occur on them, and at one and the same time, no danger exists of extending this branch of our jurisdiction beyond what Congress intended. On the contrary, it is divisions of opinion *pro forma*, and from courtesy to counsel, and on a variety of points, and, at times, some not then having actually risen, but being anticipated, which appear to transcend the original design of vesting such a power here." This case was a chancery case, where the questions certified were upon the continuance of a preliminary injunction, and objections were raised touching the jurisdiction, which called for the remarks quoted. The jurisdiction was in this case retained as entirely proper, and the questions were answered. The case at bar closely resembles it.

We think the statute never intended that questions should be reserved, unless the judge below has well founded doubts upon them, save when they are new, and of public importance. And we do not think it makes any difference whether they arise at law or in chancery. But questions reserved should be purely legal questions, and should be presented;

directly and definitely. This Court can not be requested to look at a statement of facts and objections, and infer what questions, among the many which arise on them, are the questions which were meant to be reserved. It is the loose practice which has prevailed in preparing reserved cases, which has led to confusion and difficulty. We think the practice adopted by the Supreme Court of the United States is founded on a fair construction of the federal statute, and are disposed to adopt it, as far as applicable to our own law. When cases are reserved upon these principles, either in law or in chancery, we think we have jurisdiction, and will cheerfully exercise it.

The other Justices concurred.

*Motion to dismiss denied.*

