### PIACENZA v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 29, 1923.)

No. 4041.

Criminal law ⬳968(1)—Failure to prove venue not ground for motion in arrest.

Where the indictment is clearly sufficient to sustain the judgment, and the sufficiency of the evidence was not challenged during the trial, failure to prove venue is not ground for a motion in arrest of judgment, or to set aside the judgment.

In Error to the District Court of the United States for the Southern Division of the Southern District of California.

Criminal prosecution by the United States against P. Piacenza. Judgment of conviction, and defendant brings error. Affirmed.

Theodore Gottsdanker, of Los Angeles, Cal., for plaintiff in error.

Joseph C. Burke, U. S. Atty., and Mack Meader, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Plaintiff in error was charged with violation of the National Prohibition Act (sections 21 and 25, title 2, 41 Stat. 314, 315), in having maintained a common nuisance on Riverside street, Belvedere, Los Angeles county, and within the jurisdiction of the United States and the United States District Court of the Southern District of California; also with having had in his possession certain property and apparatus designed for the manufacture of intoxicating liquor for beverage purposes. Defendant was tried, found guilty, and

sentenced.  He then made a motion in arrest of judgment, and also a motion to set aside and vacate the judgment, upon the ground that the evidence was insufficient to prove venue, and that the court was without jurisdiction to pronounce the judgment.  The court denied both motions, and the rulings are assigned as error.

Inasmuch as the indictment is clearly sufficient to sustain the judgment according to the verdict, and as the proceedings appear to have been regularly conducted before the trial court, there is no cause for arresting the judgment.  United States v. Daniel, 6 Wheat. 542, 5 L. Ed. 326; Demolli v. United States, 144 Fed. 363, 75 C. C. A. 365, 6 L. R. A. (N. S.) 424, 7 Ann. Cas. 121.  The evidence is no part of the record for the purpose of showing a defect upon the face of the record.  Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835; Van Stone v. Stillwell & Bierce Co., 142 U. S. 128, 12 Sup. Ct. 181, 35 L. Ed. 961; Bishop's New Criminal Procedure, § 1285. Failure to prove venue is not properly matter in arrest of judgment. Walker v. State, 35 Ark. 386; Adams v. Shirk, 104 Fed. 54, 43 C. C. A. 407; 2 Enc. Pl. & Pr. 813.

The motion to set aside the judgment because of lack of sufficient evidence of venue was also properly denied.  It does not appear that all the evidence as to venue is included in the bill of exceptions, or that upon the trial defendant presented the question of the insufficiency of the evidence to prove venue, or moved for a directed verdict on the ground of failure to prove venue, or for any other reason.  Such being the state of the record, we know of no practice by which, after judgment, a motion "to set aside and vacate the judgment" upon the ground of insufficiency of the evidence to prove venue can be entertained.  But if the motion to set aside were regarded by the District Court as one for a new trial for insufficiency of evidence, denial of it was within the discretion of the court, and is not a matter for review on writ of error.

Nothing appearing in the record to show that defendant's substantial rights have been affected, the judgment is affirmed.