### JIANOLE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 1, 1924.)

#### No. 6336.

1. **Conspiracy** ☞47—**Evidence held not to support conviction.**
    Charge of conspiracy between appellant and his codefendant to possess and transport liquor, in violation of National Prohibition Act, tit. 2 (Comp. St. Ann. Supp. 1923, §§ 10138½–10138½z), *held* not sustained.

2. **Conspiracy** ☞47—**To establish conspiracy, intent must be proved, directly or by inference.**
    To establish conspiracy, knowledge of facts by defendant must be proved from which an intent to engage in the conspiracy may be inferred, and mere acquiescence or failure to prevent another from committing the crime is not sufficient.

3. **Criminal law** ☞564(5)—**Venue must be proved.**
    Venue of a charge of conspiracy cannot be inferred from the fact that defendant was arrested by police officers of a certain city and on a named street, where the overt act is charged to have been committed, but not shown to be within such city.

4. **Criminal law** ☞1036(8)—**Objection that venue was not proved must be made in trial court.**
    A judgment will not be reversed, on the ground that venue was not proved, where the objection was not raised in the trial court.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. **Criminal law ☞1166½(12), 1170½(5)—Remarks of judge and refusal to allow full cross-examination of witnesses held prejudicial error.**

Remarks of a trial judge and his refusal to allow full cross-examination of government witnesses, that would test their credibility and knowledge of matters as to which they testified, *held* prejudicial error.

6. **Criminal law ☞861—Directing liquid in evidence to be passed around to jury held an abuse of discretion.**

Direction by the court to an attendant to pour a liquid introduced in evidence into a glass "and let the jury smell of it" *held* an abuse of discretion.

7. **Criminal law ☞369(1)—Evidence of previous conviction for misdemeanor held not competent on trial for conspiracy.**

Under an indictment for conspiracy, evidence that a year and a half before defendant had pleaded guilty to a misdemeanor having no connection with the crime charged *held* incompetent.

8. **Criminal law ☞689—Permitting jury to be recalled and further evidence introduced held within discretion of court.**

Permitting the jury to be recalled after they had retired, and the introduction of further evidence, *held* within the discretion of the court.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Criminal prosecution by the United States against Hector Jianole. Judgment of conviction, and defendant brings error. Reversed and remanded.

E. D. O'Sullivan, of Omaha, Neb. (Jamieson, O'Sullivan & Southard and Raymond T. Coffey, all of Omaha, Neb., on the brief), for plaintiff in error.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before LEWIS, Circuit Judge, and BOOTH and SYMES, District Judges.

SYMES, District Judge. The defendant Jianole was prosecuted on an indictment for conspiracy in violation of section 37 of the Criminal Code (Comp. St. § 10201), in that he and one Longnecker unlawfully conspired to violate title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138½–10138½z), to unlawfully possess and to unlawfully transport intoxicating liquor in the city of Omaha, Neb. Both were convicted, and this appeal is prosecuted by Jianole alone.

Fifteen errors are assigned, and we will discuss those worthy of consideration in order.

[1] The first is that the evidence was not sufficient to justify a finding that the defendant was guilty beyond a reasonable doubt. The evidence discloses that city police officers arrested the two defendants in a Ford automobile, in which they found two five-gallon jugs of whisky. The officers were on another errand, and met the defendants by chance about 2 o'clock in the morning, stopped the car, and searched it. Longnecker testified that the liquor was his; told how he obtained it; that he put it in the car, and was driving along the street, when he met Jianole, who got into the car. The latter testified that he was out look-

ing for a woman to take care of his wife, who was sick, and that Longnecker offered to transport him; that he failed to find the nurse, and then asked Longnecker to take him to a drug store to get a prescription filled; that he did not know there was any liquor in the car, and nothing was said about it.

The crime charged here, according to the authorities, is a conspiracy of two or more persons by concerted action to accomplish a criminal and unlawful purpose, or some purpose not in itself criminal, by criminal or unlawful means. It was not necessary for the government to prove here that the defendants actually agreed in formal terms upon the design, yet there must be evidence from which some concerted action can be inferred; for an agreement to do the unlawful act charged was as indispensable an ingredient as the overt act done in pursuance thereof. There must be evidence sufficient to satisfy a jury beyond a reasonable doubt that these two parties entered into an agreement to accomplish a common and unlawful act. In Pettibone v. U. S., 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419, the court said:

"The confederacy to commit the offense is the gist of the criminality under this section, although to complete it some act to effect the object of the conspiracy is needed."

It is true, as stated by Judge Carland in Murry v. U. S. (C. C. A.) 282 Fed. 617, that—

"The jury had the right to draw from the evidence introduced the inference that the defendants had agreed to have possession of the whisky and to transport it. It is impossible in most cases to show by direct evidence that the persons charged met together and agreed to do certain unlawful things. These agreements are usually made secretly, and it thus results that nearly all conspiracies are proven by circumstantial evidence."

[2] But there were evidentiary facts in that case from which the necessary inference could be drawn. All we have here, however, is the fact that the defendants were together in an automobile that contained liquor, which this defendant, according to the evidence, did not know was there. It might be sufficient proof of a statutory misdemeanor—possession or transportation of liquor—but the indictment here charges a felony (section 335, Criminal Code; U. S. Comp. Stats. § 10509), and accordingly requires proof of knowledge of facts on defendant's part, from which an intent to engage in the conspiracy may be inferred. Mere acquiescence is not sufficient. The evidence must show intentional participation. U. S. v. Newton (D. C.) 52 Fed. 275. Mere failure to prevent another from committing the crime is not sufficient. U. S. v. McClarty (D. C.) 191 Fed. 518.

[3, 4] The defendant next complains that the venue was not proven, and we agree. While it is true in a charge of this kind that the defendant may be tried either in the jurisdiction where the conspiracy was entered into, or that of the overt act (Hyde v. U. S., 225 U. S. 347, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Moran v. U. S. [C. C. A.] 264 Fed. 768), yet there is no evidence of either in the instant case, and we are asked to infer proof of venue because the defendant was arrested by police officers of the city of Omaha, and to take judicial notice that certain streets are within the jurisdiction of the trial court.

This we cannot do. Vernon v. U. S., 146 Fed. 121, 76 C. C. A. 547. But this error was not called to the attention of the trial court, either by exception or motion of any kind, so as to enable it to rule on it, so does not require a reversal here. Piacenza v. U. S. (C. C. A.) 293 Fed. 164; Ryan v. U. S. (C. C. A.) 285 Fed. 734.

It is next contended that there was no proof that the jug of whisky offered in evidence was kept intact after the seizure, and was in the same condition at the time of trial. This objection would be good as far as the evidence for the government goes. But the codefendant Longnecker, witness for the defense, stated that this particular exhibit was in the car when they were arrested, and that it was whisky. This testimony likewise cures some of the other errors complained of, and relieves us from considering them.

[5] Error is next ascribed to certain remarks and rulings made by the court in the presence of the jury, and set out verbatim in specification 9. They consist of statements of the court and its refusal to allow a full cross-examination of certain government witnesses, that would test their credibility and knowledge of matters they testified to. The remarks and rulings complained of were highly improper, tended to prejudice the jury, and prevented the fair and impartial trial that defendant was entitled to.

[6] The next question presented is the following statement of the court:

"The Court (speaking to the court attendant): Well, Mr. Gross, pour out some in a glass, and let the jury smell of it."

No proper objection was made to this remark, but nevertheless it was an abuse of discretion. It is a proper and universal practice for exhibits to be passed to the jury, even including specimens of handwriting, where the same are disputed, and other exhibits of a highly technical nature, which the average juryman cannot be expected to understand. But it is not comportable with the dignity of the court, and the orderly conduct of a trial, or necessary, to have whisky poured out and passed around for the jury to taste. This matter is more fully discussed in Gallaghan v. U. S. and Colwell v. U. S., 299 Fed. 172, just decided by this court.

[7] The court allowed the defendant over objection to be questioned in regard to former pleas of guilty to a charge of unlawful manufacture of liquor. It is a general rule of criminal law that the conviction of the defendant of a crime not set forth in the information or indictment is not competent evidence on the trial of the particular charge before the court. It is true that there are exceptions to this rule; for instance, where the criminal intent of the defendant must be proved as an ingredient of the crime charged, proof of his commission of other like offenses at about the same time may be admissible on that question. So we confine our ruling to the particular facts of the instant case, as it is not within any of the exceptions. The testimony referred to showed that Jianole had pleaded guilty to a misdemeanor a year and a half before the date of this alleged felony. There was no connection between the two, either in respect to point of time or similarity of offense. See Boyd v. U. S., 142 U. S. 450, 12 Sup. Ct. 292, 35 L. Ed.

1077; Paris v. U. S. (8th C. C. A.) 260 Fed. 529, 171 C. C. A. 313; Wolf v. U. S. (C. C. A.) 290 Fed. 738; De Witt v. U. S. (C. C. A.) 291 Fed. 995.

[8] It is next charged that the court erred in allowing the jury to be called back, after they had retired to consider their verdict, the case re-opened, and further evidence introduced. There does not seem to be any specific rule prohibiting the practice, and the question is one of discretion. In the instant case it was not abused, because the evidence referred to was simply to complete evidence already offered, and did not constitute anything in the nature of a surprise or new facts. The evidence itself, however, was wholly incompetent, and was not the proper way to prove the contents of public records.

The judgment of the lower court is reversed, and the case remanded.