The CHIEF JUSTICE
 

 delivered the opinion of the court.
 

 As the appellant has-not docketed the cause and filed the record within the time allowed by the rules in cases of appeals, the motion wouíd be allowed as of course, if the appeal Qould be regarded as taken to this court from the decree .of the District Court. But.the decree of condemnation in that court was rendered in January, 1863, and the appeal to the Circuit Court was allowed, and bond given, in the same month. By these proceedings* and the transmission of the record to the Circuit Court, the- cause'was duly-removed to
 
 *573
 
 that court under, the laws, 'regulating appeals at that time. Subsequently, by the thirteenth section of the act-of June 30, 1864, provision was made for appeals in prize cases directly from the District Court to this court; and it was directed that appeals from the Circuit Courts, in cases remaining therein, should,be allowed to this court in the same manner as appeals from the District Court under thq- act. But it was also provided in the same section that' prize causes, depending in the Circuit Courts, might be transfers red, upon the application of all parties in interest, to this court; and it was under this provision that the application and order for transfer were made.
 

 Can this court acquire jurisdiction of the cause through this order of transfer?
 

 It cannot be doubted that the cause was removed to the Circuit Court by the appeal from the decree of the District Court in 1863. That decree was vacated by the appeal, and the Circuit Court acquired full jurisdiction of the causé. It might, in its discretion,-make orders for further proof, and was fully authorized to proceed to final hearing and decree, in all respects, as if the cause had been originally instituted in that court. Nor can it be doubted that, under the Constitution, this court can exercise, in prize causes, appellate jurisdiction only. An appellate jurisdiction necessarily implies some judicial determination, seme judgment, decree, or order of an inferior tribunal, from which an appeal has been taken. But. in this ease there had been no such order, judgment, or decree in the Circuit Court; and there was no subsisting decree in the District Court, from which an appeal coukl be taken. We are obliged to conclude that, in the provision-for transfer, an attempt was inadvertently made to give to this court a jurisdiction withheld by the Constitution^ .and, consequently, that the order of transfer was without effect. The icause is still depending in the Circuit Court. We must decline, therefore, to- make an order to docket and dismiss the. appeal; but this opinion may be
 

 Certified to that court for information.