# UNITED STATES *v.* PERRIN.

CERTIFICATE OF DIVISION IN OPINION FROM THE DISTRICT OF CALI-
FORNIA.

No. 1035. Submitted April 9, 1889. — Decided May 13, 1889.

There is no general right of appeal to this court in criminal cases.
*United States* v. *Hall, ante,* 50, affirmed and applied to the certificates of
division in opinion in this case.

THE case is stated in the opinion. This cause coming on to
be heard next after *United States* v. *Hall, ante,* 50, the court
declined to hear argument upon it.

*Mr. Attorney General* and *Mr. John T. Carey* for plaintiff
in error.

*Mr. Walter H. Smith, Mr. Frank H. Hurd* and *Mr. Wil-
liam M. Stewart* for defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This case also comes before us by virtue of a certificate of
division in opinion between the judges holding the Circuit
Court of the United States for the District of California, upon
an indictment against George H. Perrin, John McNee and John
H. Benson for conspiracy. The indictment consists of three
counts. They set out, so far as we can gather from the con-
fused statement, that the three defendants entered into a con-
spiracy with some one else, to the jurors unknown, to defraud
the United States of a large sum of money, to wit, $492; that
in pursuance of said conspiracy they procured a contract to be
made between George H. Perrin, then a deputy United States
surveyor, and William H. Brown, surveyor general for the
State of California, for the survey of certain township lines;
that said Perrin produced a fraudulent, fictitious and pretended
survey of the lands described in that contract, and caused fic-
titious and fraudulent field-notes of said pretended survey to

be made and returned to the United States surveyor general; whereas, in point of fact, no such surveys had been made, and said field-notes were utterly false and fictitious. Wherefore it is alleged that in this manner the said Perrin, McNee and Benson fraudulently and corruptly conspired and agreed together to defraud the United States of the sum of money aforesaid.

The second count attempts to recite the same contract and the same pretended survey and field-notes, and that by these false documents and pretences William H. Brown, the United States surveyor general, was deceived and induced to certify the sum accrued to and earned by said Perrin.

The third count, in addition to these charges, adds that the false and corrupt field-notes were accompanied by a wilful and corrupt oath and affidavit that they were all true, and that Perrin had marked said corners and established said lines in the specific manner described in said field-notes, when in truth and in fact he had not in his own proper person made any actual survey of these lines at all.

To each of these counts there was filed a demurrer setting up thirty grounds for its support. Upon the argument of this demurrer the judges' certified seven questions as regards each of these counts, upon which they differed in opinion. As these are the same in regard to each count, those relating to the first count will be stated, as follows:

"1. Do the facts stated in the first count of the indictment constitute an offence under section 5440 of the Revised Statutes as amended in 1879, 1 Supl. Rev. Stat. 484, and section 5438 of the Revised Statutes?

"2. Are sufficient facts stated in the first count of the indictment to make a good count under sections 5440 and 5438 Revised Statutes; or under section 5440 alone; or under section 5440 in connection with any other provision of the statutes?

"3. Does the first count of the indictment sufficiently describe an offence under sections 5440 and 5438, or any other provision of the Revised Statutes, or under section 5440 alone?

"4. Are the means by which the parties conspired and

agreed to defraud the United States set forth with sufficient fulness and particularity in the first count of the indictment to constitute a good count in that particular?

" 5.   Is any overt act performed by any one of the alleged conspirators to effect the object of the conspiracy sufficiently stated in the first count of the indictment to constitute a good count in that particular?

" 6.   If there is any defect or imperfection in the first count of the indictment, is it in the matter of form only, not tending to the prejudice of the defendant, within the meaning of section 1025, Revised Statutes?

" 7.   Does the surveying contract set out in the first count of the indictment appear, upon all the allegations of the count, to be the individual private contract of W. H. Brown, or a contract made in his official character as surveyor-general, on behalf of and binding upon the United States? "

We are not able to discover in any one of these points that clear and distinct presentation of a question of law which we have so repeatedly held to be necessary to invoke the action of this court.   Indeed, they are but a repetition in various forms of the question whether the indictment presents facts sufficient to constitute an offence under the statute against conspiracy. The indictment is so diffuse and obscure, presenting in no point a distinct issue of law on which the guilt of the defendants must rest, that it is impossible to decide any of the points without the most laborious wandering through the whole of the three counts of the indictment, and passing upon the whole question whether, under all the circumstances set out, the parties are liable to the indictment.

The authorities on that subject have been reviewed so often and we have so recently considered the question, that it is a waste of time to consider it further.   It is sufficient to say that the system of criminal law of the United States does not contemplate a general right of appeal from the courts trying criminals to this court ; it does not intend that in all cases before the trial is had the instructions of this court, concerning matters which may come in issue, shall be delivered as a guide to the court that is to try the cause.   The purpose of

the provision is, that where a real question of a difficult point of law, clearly presenting itself and arising in the progress of the case, is such that the two judges sitting on the hearing differ in opinion in regard to that question, they are at liberty to certify it to this court for an answer. But it never was designed that, because a case is a troublesome one, or is a new one, and because the judges trying the case may not be perfectly satisfied as regards all the points raised in the course of the trial, the whole matter shall be referred to this court for its decision in advance of a regular trial, or that, in any event, the whole case shall be thus brought before this court.

Such a system converts the Supreme Court into a *nisi prius* trial court; whereas, even in cases which come here for review in the ordinary course of judicial proceeding, we are always and only an appellate court, except in the limited class of cases where the court has original jurisdiction. See *United. States* v. *Briggs*, 5 How. 208; *United States* v. *Northway*, 120 U. S. 327; *Dublin Township* v. *Milford Institution*, 128 U. S. 510; and specially, *Jewell* v. *Knight*, 123 U. S. 426, 432, where all the cases are cited.

For these reasons

*We cannot take jurisdiction of the present case, and it is ordered that it be remanded to the Circuit Court for such further proceedings as it may be advised to be proper.*