# UNITED STATES *v.* RIDER.

CERTIFICATE OF DIVISION IN OPINION FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

No. 197.   Argued April 1, 1896. — Decided May 18, 1896.

The scheme of the judiciary act of March 3, 1891, c. 517, 26 Stat. 826, precludes the contention that certificates of division of opinion in criminal cases may still be had under Rev. Stat. §§ 651 and 697.

Review by appeal, by writ of error or otherwise, must be as prescribed by that act, and review by certificate is limited by it to the certificate by the Circuit Courts, made after final judgment, of questions made as to their own jurisdiction; and to the certificate by the Circuit Courts of Appeal

of questions of law in relation to which the advice of this court is sought as therein provided; and these certificates are governed by the same general rules as were formerly applied to certificates of division.

ON the twenty-third day of November, A. D. 1891, the United States District Attorney for the Southern District of Ohio filed a criminal information in the Circuit Court of the United States for that district against Frank M. Rider, John F. Burgess and Samuel N. Rutledge, charging that on October 15, A. D. 1891, defendants "were then and there the county commissioners in Muskingum County, in the State of Ohio, and then and there the persons empowered by the law of Ohio to construct, alter and keep in repair all necessary bridges over streams and public canals, on all state and county roads, and then and there the persons as such county commissioners controlling the bridge across the Muskingum River between Taylorsville and Duncan's Falls, Muskingum County, Ohio; and the Secretary of War of the United States, having good reason to believe that said bridge was then and there an unreasonable obstruction to the navigation of said Muskingum River, one of the navigable streams over which the United States has jurisdiction, on the 19th day of December, 1890, gave notice in writing to the said defendants, commissioners as aforesaid, setting forth in substance that the said bridge was considered an obstruction to navigation by reason of the fact that it had no draw for the passage of boats desiring to navigate the Muskingum River by way of the new lock just above the south end of the new bridge at Taylorsville, Ohio, and in order to afford said commissioners a reasonable opportunity to be heard and give evidence in regard to said complaint, Tuesday, the 6th of January, 1891, was set and named as the day when such evidence should be heard before Lieut. Col. Wm. E. Merrill, Corps of Engineers, at the U. S. Engineer's office in Zanesville, Ohio, and which said day of hearing, at the request of defendants, was extended to the third day of February, 1891, and afterwards, to wit, on the 25th day of February, 1891, and after said day of hearing, the Secretary of War gave notice in writing to said defendants,

controlling said bridge as aforesaid, that the said bridge was and is an unreasonable obstruction to the free navigation of the said river, one of the navigable waters of the United States, on account of not being provided with a draw-span below the new U. S. lock No. 9, in said river, and requiring the following change to be made, viz., the construction of a draw-span in said bridge below the said lock, in accordance with the plan shown in a map attached to said notice, and served upon said defendants, and prescribing that said alteration shall be made and completed within a reasonable time, to wit, on or before the 30th day of September, 1891, and that the service of said notice as aforesaid was made on the 3d day of March, 1891, by delivering, personally, a copy thereof to said commissioners, at their office in Zanesville, Ohio. And the said Frank M. Rider, John F. Burgess and Samuel N. Rutledge, county commissioners of Muskingum County, Ohio, as aforesaid, did unlawfully, on, to wit, the fifteenth day of October, 1891, at the place aforesaid, and after receiving notice to that effect, as hereinbefore required, from the Secretary of War, and within the time prescribed by him, wilfully fail and refuse to comply with the said order of the Secretary of War, and to make the alterations set forth in said notice, contrary to the form of sections 4 and 5 of an act of Congress approved September 19, 1890, in such case made and provided, and against the peace and dignity of the United States of America."

The defendants were tried December 11, 1891, and found guilty as charged in the information, whereupon they moved for a new trial.

On the trial before the District Judge certain questions on the constitutionality of the sections of the act of September 19, 1890, 26 Stat. 453, c. 907, §§ 4 and 5, under which the information was filed, were reserved for hearing and decision upon a motion for a new trial before the Circuit and District Judges. The motion coming on to be heard, those judges were divided in opinion, and certified, under section 697 of the Revised Statutes, the points of disagreement to this court, the questions upon which such division of opinion took place being as follows:

"1st. Whether Congress has the power to confer upon the Secretary of War the authority attempted to be conferred by said sections 4 and 5 of the act of September 19, 1890, to determine when a bridge is an unreasonable obstruction to the free navigation of a river.

"2d. Whether the failure to comply by persons owning and controlling the said bridge with the order of the Secretary of War can lawfully subject them to a prosecution for a misdemeanor."

*Mr. Assistant Attorney General Dickinson* for plaintiffs in error.

*Mr. S. M. Winn,* (with whom was *Mr. F. H. Southard* on the brief,) for defendants in error.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

The appellate jurisdiction of this court is defined by the acts of Congress. By section 6 of the act of April 29, 1802, c. 31, 2 Stat. 156, 159, whenever there was a division of opinion in the Circuit Court upon a question of law, the question might be certified to this court for decision; provided that the case might proceed in the Circuit Court if in its opinion further proceedings could be had without prejudice to the merits; and that no imprisonment should be allowed or punishment inflicted upon which the judges were divided in opinion.

In *United States* v. *Daniels,* 6 Wheat. 542, 547, Chief Justice Marshall explained that "previous to the passage of that act, the Circuit Courts were composed of three judges, and the judges of the Supreme Court changed their circuits. If all the judges were present, no division of opinion could take place. If only one judge of the Supreme Court should attend, and a division should take place, the cause was continued till the next term, when a different judge would attend. Should the same division continue, there would then be the opinion of two judges against one; and the law provided, that in

such case that opinion should be the judgment of the court." Act of March 2, 1793, 1 Stat. c. 22, §§ 2, 333; *Davis* v. *Braden*, 10 Pet. 286. But, continued the Chief Justice, the act of 1802 made the judges of the Supreme Court stationary, so that the same judges constantly attended the same circuit and the court being always composed of the same two judges, any division of opinion would remain and the question continue unsettled. "To remedy this inconvenience, the clause under consideration was introduced." 6 Wheat. 548; *Ex parte Milligan*, 4 Wall. 2.

The act of April 10, 1869, c. 22, 16 Stat. 44, provided for the appointment of a Circuit Judge in each circuit, but this did not repeal the act of 1802, as the same necessity existed as before for the power to certify questions. *Insurance Company* v. *Dunham*, 11 Wall. 1.

By the act of June 1, 1872, c. 255, 17 Stat. 196, whenever in any proceedings or suit in a Circuit Court there occurred any difference of opinion between the judges, the opinion of the presiding judge was to prevail for the time being; but upon the entry of a final judgment, decree or order, and a certificate of division of opinion as under the act of 1802, either party might remove the case to this court on writ of error or appeal, according to the nature of the case. This act continued in force about two years, when it was supplanted by §§ 650, 652 and 693 of the Revised Statutes, by which its provisions were restricted to civil suits and proceedings; and by §§ 651 and 697 the provisions of § 6 of the act of 1802 were reënacted as to criminal cases. *United States* v. *Sanges*, 144 U. S. 310, 321. These sections are printed in the margin.[1]

---

[1] SEC. 650. Whenever, in any civil suit or proceeding in a Circuit Court held by a Circuit Justice and a Circuit Judge or a District Judge, or by a Circuit Judge and a District Judge, there occurs any difference of opinion between the judges as to any matter or thing to be decided, ruled or ordered by the court, the opinion of the presiding justice or judge shall prevail, and be considered the opinion of the court for the time being.

SEC. 651. Whenever any question occurs on the trial or hearing of any criminal proceeding before a Circuit Court upon which the judges are divided in opinion, the point upon which they disagree, shall, during the

Opinion of the Court.

In civil cases, prior to March 3, 1891, the appellate jurisdiction was limited by the sum or value of the matter in dispute, but the jurisdiction on certificate was not dependent thereon, and, after final judgment or decree, if the amount in controversy reached the jurisdictional amount, the whole case was open for consideration on error or appeal, while, if it fell below that, only the questions certified could be examined. *Allen* v. *St. Louis Bank,* 120 U. S. 20; *Dow* v. *Johnson,* 100 U. S. 158. It has always been held that the whole case could not be certified. *Jewell* v. *Knight,* 123 U. S. 426, 433.

In short, under the Revised Statutes, as to civil cases, the danger of the wheels of justice being blocked by difference

same term, upon the request of either party, or of their counsel, be stated under the direction of the judges, and certified, under the seal of the court, to the Supreme Court at their next session; but nothing herein contained shall prevent the cause from proceeding if, in the opinion of the court, further proceedings can be had without prejudice to the merits. Imprisonment shall not be allowed nor punishment inflicted in any case where the judges of such court are divided in opinion upon the question touching the said imprisonment or punishment.

SEC. 652. When a final judgment or decree is entered in any civil suit or proceeding before any Circuit Court held by a Circuit Justice and a Circuit Judge or a District Judge, or by a Circuit Judge and a District Judge, in the trial or hearing whereof any question has occurred upon which the opinions of the judges were opposed, the point upon which they so disagree shall, during the same term, be stated under the direction of the judges, and certified, and such certificate shall be entered of record.

SEC. 693. Any final judgment or decree, in any civil suit or proceeding before a Circuit Court which was held, at the time, by a Circuit Justice and a Circuit Judge or a District Judge, or by the Circuit Judge and a District Judge, wherein the said judges certify as provided by law, that their opinions were opposed upon any question which occurred on the trial or hearing of the said suit or proceeding, may be reviewed and affirmed or reversed or modified by the Supreme Court, on writ of error or appeal, according to the nature of the case, and subject to the provisions of law applicable to other writs of error or appeals in regard to bail and supersedeas.

SEC. 697. When any question occurs on the hearing or trial of any criminal proceeding before a Circuit Court, upon which the judges are divided in opinion, and the point upon which they disagree is certified to the Supreme Court according to law, such point shall be finally decided by the Supreme Court; and its decision and order in the premises shall be remitted to such Circuit Court, and be there entered of record, and shall have effect according to the nature of the said judgment and order.

of opinion was entirely obviated, and the provision for a certificate operated to give the benefit of review where the amount in controversy was less than that prescribed as essential to our jurisdiction, while as to criminal cases a certificate of division was the only mode in which alleged errors could be reviewed.

The first act of Congress which authorized a criminal case to be brought from the Circuit Court of the United States to this court, except upon a certificate of division of opinion, was the act of February 6, 1889, c. 113, § 6, 25 Stat. 655, by which it was enacted that "in all cases of conviction" of a "capital crime in any court of the United States," the final judgment "against the respondent" might, on his application, be reexamined, reversed or affirmed by this court on writ of error. Up to that time this court had no general authority to review on error or appeal the judgments of the Circuit Courts of the United States in cases within their criminal jurisdiction. *United States* v. *Sanges,* 144 U. S. 310, 319; *Cross* v. *United States,* 145 U. S. 571, 574.

By section four of the judiciary act of March 3, 1891, c. 517, 26 Stat. 826, it was provided that " the review, by appeal, by writ of error or otherwise, from the existing Circuit Courts shall be had only in the Supreme Court of the United States, or in the Circuit Courts of Appeals hereby established, according to the provisions of this act regulating the same."

By section five appeals or writs of error might be taken from the Circuit Court directly to this court in certain enumerated classes of cases, including " cases of conviction of a capital or otherwise infamous crime." And by section six the judgments or decrees of the Circuit Courts of Appeals were made final " in all cases arising under the criminal laws" and in certain other classes of cases, unless questions were certified to this court, or the whole case ordered up by writ of certiorari, as therein provided. *American Construction Co.* v. *Jacksonville Railway Co.,* 148 U. S. 372, 380. Thus appellate jurisdiction was given in all criminal cases by writ of error either from this court or from the Circuit Courts of Appeals, and in all civil cases by appeal or error without

regard to the amount in controversy, except as to appeals or writs of error to or from the Circuit Courts of Appeals in cases not made final as specified in § 6.

By section fourteen it was provided that "All acts and parts of acts relating to appeals or writs of error inconsistent with the provisions for review by appeals or writs of error in the preceding sections five and six of this act are hereby repealed," and the particular question before us is whether sections 651 and 697 of the Revised Statutes in relation to certificate of division of opinion in criminal cases, though not expressly repealed, still remain in force. If so, and such division of opinion can be certified before final judgment, then all criminal cases, including those in which the judgments and decrees of the Circuit Courts of Appeals are made final, (of which the case at bar is one,) as well as those which may be brought directly to this court, might, at preliminary stages of the proceedings, be brought before us on certificate, and, after judgment, the whole subject be reëxamined on writ of error from one or the other court. This result, in itself, we think could not have been intended, and it is wholly inconsistent with the object of the act of March 3, 1891, which was to relieve this court and to distribute between it and the Circuit Courts of Appeals, substantially, the entire appellate jurisdiction over the Circuit Courts of the United States. *McLish* v. *Roff*, 141 U. S. 661; *Lau Ow Bew's case*, 144 U. S. 47; *Construction Co.* v. *Railway Co.*, 148 U. S. 372.

We are of opinion that the scheme of the act of March 3, 1891, precludes the contention that certificates of division of opinion may still be had under sections 651 and 697 of the Revised Statutes.

Review by appeal, by writ of error or otherwise, must be as prescribed by the act, and review by certificate is limited by the act to the certificate by the Circuit Courts, made after final judgment, of questions raised as to their own jurisdiction and to the certificate by the Circuit Courts of Appeals of questions of law in relation to which our advice is sought as therein provided, and these certificates are governed by the same general rules as were formerly applied to certificates of

division. *Maynard* v. *Hecht*, 151 U. S. 324; *Columbus Watch Co.* v. *Robbins*, 148 U. S. 266.

It is true that repeals by implication are not favored, but we cannot escape the conclusion that, tested by its scope, its obvious purpose, and its terms, the act of March 3, 1891, covers the whole subject-matter under consideration, and furnishes the exclusive rule in respect of appellate jurisdiction on appeal, writ of error or certificate.

Its provisions and those of the Revised Statutes in this regard cannot stand together, and the argument *ab inconvenienti* that, in cases of doubt below, the remedy by certificate ought to be available, is entitled to no weight in the matter of construction.

*The result is that the certificate must be dismissed, and it is so ordered.*

MR. JUSTICE BREWER did not hear the argument and took no part in the decision of this case.