## BALTIMORE AND OHIO RAILROAD COMPANY *v.* INTERSTATE COMMERCE COMMISSION.

ON CERTIFICATE FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MARYLAND.

No. 339.   Argued October 15, 18, 1909.—Decided December 6, 1909.

Only distinct points of law that can be distinctly answered without regard to other issues can be certified to this court on division of opinion: the whole case cannot be certified even when its decision turns upon matter of law only.

Appellate jurisdiction implies the determination of the case by an inferior court, and the transfer of the case to the appellate court without such determination amounts to giving the appellate court original jurisdiction.

Congress cannot extend the original jurisdiction of this court beyond that prescribed by the Constitution; and an act providing for certifying questions of law will not be construed as permitting certification of the entire case before any judgment has been rendered below.

Under § 1 of the expediting act of February 11, 1903, c. 544, 32 Stat. 823, the case, although turning only on a point of law cannot be certified to this court, in absence of any judgment, opinion, decision, or order determinative of the case below.

THIS was a bill in equity filed by the Baltimore and Ohio Railroad Company in the Circuit Court of the United States for the District of Maryland against the Interstate Commerce Commission, July 20, 1908, which prayed for a preliminary injunction and a final decree enjoining, annulling and suspending a certain order of the commission served June 24, 1908, in a proceeding before the commission entitled "Rail and River Coal Company *vs.* Baltimore and Ohio Railroad Company."

On July 27, 1908, the Attorney-General, in compliance with § 16 of the act to regulate commerce, as amended by the act of June 29, 1906, filed in the court the certificate of general public importance under the expedition act of February 11, 1903. In accordance with the provisions of the act of February 11, 1903, the two Circuit Judges, by order filed August 26, 1908, designated the Honorable Thomas J. Morris, District Judge for the District of Maryland, to sit with them on the hearing and disposition of the case.

The application for the preliminary injunction was set for hearing September 22, 1908. Defendant's answer was filed September 19, 1908. By order entered September 23, 1908, the application for the preliminary injunction was denied.

Replication was filed and testimony taken, and, there being no substantial dispute as to the facts, Mr. Arthur Hale, complainant's general superintendent of transportation, and also chairman of the car efficiency committee of the American Railway Association, was able to testify as to all matters

that counsel deemed necessary to bring to the court's attention, and was the only witness.

December 14, 1908, the cause came on for final hearing, and was argued before the two Circuit Judges and the District Judge designated by them. No final decree or judgment was entered, but the presiding judge entered the following order:

"This cause came on this day to be further heard, and was argued by counsel, and the court having fully considered the bill, answer, deposition and other papers filed herein, the judges sitting finding themselves divided in opinion as to the decree that should be entered herein,

"It is now ordered, that in accordance with the act of Congress applicable hereto, that this case be certified for review to the Supreme Court of the United States.

"December 14, 1908."

The cause was docketed in this court and the transcript of record filed January 25, 1909, as "On a certificate from the Circuit Court of the United States for the District of Maryland."

The act of Congress of February 11, 1903, c. 544, 32 Stat. 823, contains two sections, as follows:

"(1) That in any suit in equity pending or hereafter brought in any Circuit Court of the United States under the act entitled 'An act to protect trade and commerce against unlawful restraints and monopolies,' approved July second, eighteen hundred and ninety, 'An act to regulate commerce,' approved February fourth, eighteen hundred and eighty-seven, or any other acts having a like purpose that hereafter may be enacted wherein the United States is complainant, the Attorney-General may file with the clerk of such court a certificate that, in his opinion, the case is of general public importance, a copy of which shall be immediately furnished by such clerk to each of the circuit judges of the circuit in which the case is pending. Thereupon such case shall be given precedence over others and in every way expedited,

and be assigned for hearing at the earliest practicable day, before not less than three of the circuit judges of said circuit, if there be three or more; and if there be not more than two circuit judges, then before them and such district judge as they may select. In the event the judges sitting in such case shall be divided in opinion, the case shall be certified to the Supreme Court for review in like manner as if taken there by appeal as hereinafter provided.

"SEC. 2. That in every suit in equity pending or hereafter brought in any Circuit Court of the United States under any of said acts, wherein the United States is complainant, including cases submitted but not yet decided, an appeal from the final decree of the Circuit Court will lie only to the Supreme Court and must be taken within sixty days from the entry thereof: *Provided*, That in any case where an appeal may have been taken from the final decree of the Circuit Court to the Circuit Court of Appeals before this act takes effect, the case shall proceed to a final decree therein, and an appeal may be taken from such decree to the Supreme Court in the manner now provided by law."

Section 16 of the Hepburn Act, so called, of June 29, 1906, c. 3591, 34 Stat. 584, 592, provides:

"The venue of suits brought in any of the Circuit Courts of the United States against the commission to enjoin, set aside, annul, or suspend any order or requirement of the commission shall be in the district where the carrier against whom such order or requirement may have been made has its principal operating office, and may be brought at any time after such order is promulgated.

＊　＊　＊　＊　＊　＊　＊　＊

"The provisions of 'An act to expedite the hearing and determination of suits in equity, and so forth,' approved February eleventh, nineteen hundred and three, shall be, and are hereby, made applicable to all such suits, including the hearing on an application for a preliminary injunction, and are also made applicable to any proceeding in equity to

enforce any order or requirement of the commission, or any of the provisions of the act to regulate commerce, approved February fourth, eighteen hundred and eighty-seven, and all acts amendatory thereof or supplemental thereto. It shall be the duty of the Attorney-General in every such case to file the certificate provided for in said expediting act of February eleventh, nineteen hundred and three, as necessary to the application of the provisions thereof, and upon appeal as therein authorized to the Supreme Court of the United States, the case shall have in such court priority in hearing and determination over all other causes except criminal causes. . . . An appeal may be taken from any interlocutory order or decree granting or continuing an injunction in any suit, but shall lie only to the Supreme Court of the United States: *Provided further*, That the appeal must be taken within thirty days from the entry of such order or decree and it shall take precedence in the appellate court over all other causes, except causes of like character and criminal causes."

*Mr. W. Irvine Cross* and *Mr. Hugh L. Bond, Jr.*, with whom *Mr. W. Ainsworth Parker* was on the brief, for the Baltimore and Ohio Railroad Company.

*Mr. Wade H. Ellis*, Assistant to the Attorney-General, with whom *Mr. Luther M. Walter* and *Mr. Orla E. Harrison*, Special Assistants to the Attorney-General, were on the brief, for the Interstate Commerce Commission.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

By the Judiciary Act of March 3, 1891, a review by certificate is limited to the certificate or its equivalent by the Circuit Courts, made after final judgment, of the question, when raised, of their jurisdiction as courts of the United States,

and to the certificate by the Circuit Courts of Appeal of questions of law in relation to which the advice of this court is sought as therein provided, which certificates are governed by the same rules as were formerly applied to certificates of division. *United States* v. *Rider,* 163 U. S. 132; *The Paquete Habana,* 175 U. S. 677, 684; *Chicago, Burlington & Quincy Railway Company* v. *Williams,* 205 U. S. 444. And it has been established by repeated decisions that questions certified to this court upon a division of opinion must be distinct points of law clearly stated so that they can be distinctly answered without regard to other issues of law or of fact; and not questions of fact or of mixed law and fact involving inferences of fact from particular facts stated in the certificates; nor yet the whole case even if divided into several points. *Jewell* v. *Knight,* 123 U. S. 426, 433.

And finally it has been settled that the whole case, even when its decision turns upon matter of law only, cannot be sent here by certificate of division.

In *White* v. *Turk,* 12 Pet. 238, it was said: "The certificate of the judges, in this case, leaves no doubt that the whole cause was submitted to the Circuit Court, by the motion to set aside the judgment on the bond. And, had the court agreed in opinion, and rendered a judgment upon the points submitted; it would have been conclusive of the whole matter in controversy between the parties. This certificate, therefore, brings the whole cause before this Court; and, if we were to decide the questions presented, it would, in effect, be the exercise of original, rather than appellate jurisdiction." This practice was declared irregular by Chief Justice Taney in *Webster* v. *Cooper,* 10 How. 54, and the Chief Justice added that it "would, if sanctioned, convert this court into one of original jurisdiction in questions of law, instead of being, as the Constitution intended it to be, an appellate court to revise the decisions of inferior tribunals." So Mr. Justice Miller, in *United States* v. *Perrin,* 131 U. S. 55, 58, said:

"But it never was designed that, because a case is a trouble-

some one, or is a new one, and because the judges trying the case may not be perfectly satisfied as regards all the points raised in the course of the trial, the whole matter shall be referred to this court for its decision in advance of the regular trial, or that, in any event the whole case shall be thus brought before this court.

"Such a system converts the Supreme Court into a *nisi prius* trial court; whereas, even in cases which come here for review in the ordinary course of judicial proceeding, we are always and only an appellate court, except in the limited class of cases where the court has original jurisdiction."

Without discussing the evolution of the use of certificates reference to the legislation given below may be profitable.[1]

---

[1] Section 6 of the "Act to amend the judicial system of the United States," April 29, 1802, c. 31, 2 Stat. 156, 159, provided:

"That whenever any question shall occur before a Circuit Court, upon which the opinions of the judges shall be opposed, the point upon which the disagreement shall happen, shall, during the same term, upon the request of either party, or their counsel, be stated under the direction of the judges, and certified under the seal of the court, to the Supreme Court, at their next session to be held thereafter; and shall, by the said court, be finally decided. And the decision of the Supreme Court, and their order in the premises, shall be remitted to the Circuit Court, and be there entered of record, and shall have effect according to the nature of the said judgment and order: *Provided*, That nothing herein contained shall prevent the cause from proceeding, if, in the opinion of the court, further proceedings can be had without prejudice to the merits. . . ."

This act was superseded by that of June 1, 1872, c. 255, 17 Stat. 196, which provided:

"That whenever, in any suit or proceeding in a Circuit Court of the United States, being held by a justice of the Supreme Court and the circuit judge or a district judge, or by the circuit judge and a district judge, there shall occur any difference of opinion between the judges as to any matter or thing to be decided, ruled, or ordered by the court, the opinion of the presiding justice or the presiding judge shall prevail, and be considered the opinion of the court for the time being; but when a final judgment, decree, or order in such suit or proceeding shall be entered, if said judges shall certify, as it shall be

In the present case no final judgment or decree or order determinative of the merits was rendered, but the court ordered "that this case be certified for review to the Supreme Court of the United States," and that "a transcript of the record and proceedings of the cause aforesaid, together with all things thereunto relating, be transmitted to the said Supreme Court of the United States; and the same is transmitted accordingly."

The act of Congress of February 11, 1903, provided in its first section that on the certificate of the Attorney-General the case should be assigned for hearing before not less than

their duty to do if such be the fact, that they differed in opinion as to any question which, under the act of Congress of April twenty-ninth, eighteen hundred and two, might have been reviewed by the Supreme Court on certificate of difference of opinion, then either party may remove said final judgment, decree, or order to the Supreme Court, on writ of error or appeal, according to the nature of the case, and subject to the provisions of law applicable to other writs of error or appeals in regard to bail and supersedeas."

That was carried forward in 1874, by §§ 650, 652, 654, 693 and 697 of the Revised Statutes. Section 6 of the Judiciary Act of March 3, 1891, c. 517, 26 Stat. 826, 828, provided:

"SEC. 6. . . . Excepting that in every such subject within its appellate jurisdiction the Circuit Court of Appeals at any time may certify to the Supreme Court of the United States any questions or propositions of law concerning which it desires the instruction of that court for its proper decision.

"And thereupon the Supreme Court may either give its instruction on the questions and propositions certified to it, which shall be binding upon the Circuit Courts of Appeals in such case, or it may require that the whole record and cause may be sent up to it for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as if it had been brought there for review by writ of error or appeal.

"And excepting also that in any such case as is hereinbefore made final in the Circuit Court of Appeals it shall be competent for the Supreme Court to require, by certiorari or otherwise, any such case to be certified to the Supreme Court for its review and determination with the same power and authority in the case as if it it had been carried by appeal or writ of error to the Supreme Court."

three judges, and that "in the event the judges sitting in such case shall. be divided in opinion, the case shall be certified to the Supreme Court for review in like manner as if taken there by appeal as hereinafter provided." The order of the Circuit Court pursues the language of this provision and attempts to send up the whole case to be determined by this court. This invokes the exercise of original jurisdiction, and cannot be sustained.

In a note to *United States* v. *Ferreira*, 13 How. 40, 52, which was inserted by order of the court, the Chief Justice states the substance of the case of the *United States* v. *Yale Todd*, which was decided in February, 1794, but not printed, as there was at that time no official reporter. This note thus concludes:

"In the early days of the Government, the right of Congress to give original jurisdiction to the Supreme Court, in cases not enumerated in the Constitution, was maintained by many jurists, and seems to have been entertained by the learned judges who decided *Todd's case*. But discussion and more mature examination has settled the question otherwise; and it has long been the established doctrine, and we believe now assented to by all who have examined the subject, that the original jurisdiction of this court is confined to the cases specified in the Constitution, and that Congress cannot enlarge it. In all other cases its power must be appellate."

Such is the settled rule, and it is inadmissible to suppose that it was the intention of Congress to run counter to it.

Ordinarily in the Federal courts, in the absence of express statutory authority, no appeal can be taken or writ of error brought except from a final decree or to a final judgment. *McLish* v. *Roff*, 141 U. S. 661, 665; *Forgay* v. *Conrad*, 6 How. 201, 205. There is no final judgment or decree in this case, nor any judicial. determination from which an appeal would lie. *The Alicia*, 7 Wall. 571, is in point. In that case it appeared that on the ninth day of January, 1863, a decree of

condemnation had been entered in the District Court against the Alicia and her cargo for violation of the blockade.   From this decree an appeal was allowed and taken to the Circuit Court; and on the eighteenth of May, 1867, an order was made in that court on the application of the parties in interest—there being at this time, in the Circuit Court, no order, judgment or decree in the case—for the transfer of the cause to this court under the thirteenth section of the act of June 30, 1864, which enacted that prize causes, depending in the Circuit Court, might be so transferred.   This court held that the cause was removed to the Circuit Court by the appeal from the decree of the District Court and that that decree was vacated by the appeal, and that the Circuit Court acquired full jurisdiction of the cause and was fully authorized to proceed to final hearing and decree.   And Chief Justice Chase said (p. 573): "Nor can it be doubted that, under the Constitution, this court can exercise, in prize causes, appellate jurisdiction only.   An appellate jurisdiction necessarily implies some judicial determination, some judgment, decree, or order of an inferior tribunal, from which an appeal has been taken.   But in this case there had been no such order, judgment, or decree in the Circuit Court; and there was no subsisting decree in the District Court, from which an appeal could be taken.   We are obliged to conclude that, in the provision for transfer, an attempt was inadvertently made to give to this court a jurisdiction withheld by the Constitution, and, consequently, that the order of transfer was without effect.   The cause is still depending in the Circuit Court."

The result is that the order must be set aside and the case remanded to the Circuit Court with directions to proceed in conformity with law.

*Ordered accordingly.*