215 U.S. 216 (1909)
BALTIMORE AND OHIO RAILROAD COMPANY
v.
INTERSTATE COMMERCE COMMISSION.
No. 339.
Supreme Court of United States.
Argued October 15, 18, 1909.
Decided December 6, 1909.
ON CERTIFICATE FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MARYLAND.
*220 Mr. W. Irvine Cross and Mr. Hugh L. Bond, Jr., with whom Mr. W. Ainsworth Parker was on the brief, for the Baltimore and Ohio Railroad Company.
Mr. Wade H. Ellis, Assistant to the Attorney-General, with whom Mr. Luther M. Walter and Mr. Orla E. Harrison, Special Assistants to the Attorney-General, were on the brief, for the Interstate Commerce Commission.
MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.
By the Judiciary Act of March 3, 1891, a review by certificate is limited to the certificate or its equivalent by the Circuit Courts, made after final judgment, of the question, when raised, of their jurisdiction as courts of the United States, *221 and to the certificate by the Circuit Courts of Appeal of questions of law in relation to which the advice of this court is sought as therein provided, which certificates are governed by the same rules as were formerly applied to certificates of division. United States v. Rider, 163 U.S. 132; The Paquete Habana, 175 U.S. 677, 684; Chicago, Burlington & Quincy Railway Company v. Williams, 205 U.S. 444. And it has been established by repeated decisions that questions certified to this court upon a division of opinion must be distinct points of law clearly stated so that they can be distinctly answered without regard to other issues of law or of fact; and not questions of fact or of mixed law and fact involving inferences of fact from particular facts stated in the certificates; nor yet the whole case even if divided into several points. Jewell v. Knight, 123 U.S. 426, 433.
And finally it has been settled that the whole case, even when its decision turns upon matter of law only, cannot be sent here by certificate of division.
In White v. Turk, 12 Pet. 238, it was said: "The certificate of the judges, in this case, leaves no doubt that the whole cause was submitted to the Circuit Court, by the motion to set aside the judgment on the bond. And, had the court agreed in opinion, and rendered a judgment upon the points submitted; it would have been conclusive of the whole matter in controversy between the parties. This certificate, therefore, brings the whole cause before this Court; and, if we were to decide the questions presented, it would, in effect, be the exercise of original, rather than appellate jurisdiction." This practice was declared irregular by Chief Justice Taney in Webster v. Cooper, 10 How. 54, and the Chief Justice added that it "would, if sanctioned, convert this court into one of original jurisdiction in questions of law, instead of being, as the Constitution intended it to be, an appellate court to revise the decisions of inferior tribunals." So Mr. Justice Miller, in United States v. Perrin, 131 U.S. 55, 58, said:
"But it never was designed that, because a case is a troublesome *222 one, or is a new one, and because the judges trying the case may not be perfectly satisfied as regards all the points raised in the course of the trial, the whole matter shall be referred to this court for its decision in advance of the regular trial, or that, in any event the whole case shall be thus brought before this court.
"Such a system converts the Supreme Court into a nisi prius trial court; whereas, even in cases which come here for review in the ordinary course of judicial proceeding, we are always and only an appellate court, except in the limited class of cases where the court has original jurisdiction."
Without discussing the evolution of the use of certificates reference to the legislation given below may be profitable.[1]
*223 In the present case no final judgment or decree or order determinative of the merits was rendered, but the court ordered "that this case be certified for review to the Supreme Court of the United States," and that "a transcript of the record and proceedings of the cause aforesaid, together with all things thereunto relating, be transmitted to the said Supreme Court of the United States; and the same is transmitted accordingly."
The act of Congress of February 11, 1903, provided in its first section that on the certificate of the Attorney-General the case should be assigned for hearing before not less than *224 three judges, and that "in the event the judges sitting in such case shall be divided in opinion, the case shall be certified to the Supreme Court for review in like manner as if taken there by appeal as hereinafter provided." The order of the Circuit Court pursues the language of this provision and attempts to send up the whole case to be determined by this court. This invokes the exercise of original jurisdiction, and cannot be sustained.
In a note to United States v. Ferreira, 13 How. 40, 52, which was inserted by order of the court, the Chief Justice states the substance of the case of the United States v. Yale Todd, which was decided in February, 1794, but not printed, as there was at that time no official reporter. This note thus concludes:
"In the early days of the Government, the right of Congress to give original jurisdiction to the Supreme Court, in cases not enumerated in the Constitution, was maintained by many jurists, and seems to have been entertained by the learned judges who decided Todd's case. But discussion and more mature examination has settled the question otherwise; and it has long been the established doctrine, and we believe now assented to by all who have examined the subject, that the original jurisdiction of this court is confined to the cases specified in the Constitution, and that Congress cannot enlarge it. In all other cases its power must be appellate."
Such is the settled rule, and it is inadmissible to suppose that it was the intention of Congress to run counter to it.
Ordinarily in the Federal courts, in the absence of express statutory authority, no appeal can be taken or writ of error brought except from a final decree or to a final judgment. McLish v. Roff, 141 U.S. 661, 665; Forgay v. Conrad, 6 How. 201, 205. There is no final judgment or decree in this case, nor any judicial determination from which an appeal would lie. The Alicia, 7 Wall. 571, is in point. In that case it appeared that on the ninth day of January, 1863, a decree of *225 condemnation had been entered in the District Court against the Alicia and her cargo for violation of the blockade. From this decree an appeal was allowed and taken to the Circuit Court; and on the eighteenth of May, 1867, an order was made in that court on the application of the parties in interest  there being at this time, in the Circuit Court, no order, judgment or decree in the case  for the transfer of the cause to this court under the thirteenth section of the act of June 30, 1864, which enacted that prize causes, depending in the Circuit Court, might be so transferred. This court held that the cause was removed to the Circuit Court by the appeal from the decree of the District Court and that that decree was vacated by the appeal, and that the Circuit Court acquired full jurisdiction of the cause and was fully authorized to proceed to final hearing and decree. And Chief Justice Chase said (p. 573): "Nor can it be doubted that, under the Constitution, this court can exercise, in prize causes, appellate jurisdiction only. An appellate jurisdiction necessarily implies some judicial determination, some judgment, decree, or order of an inferior tribunal, from which an appeal has been taken. But in this case there had been no such order, judgment, or decree in the Circuit Court; and there was no subsisting decree in the District Court, from which an appeal could be taken. We are obliged to conclude that, in the provision for transfer, an attempt was inadvertently made to give to this court a jurisdiction withheld by the Constitution, and, consequently, that the order of transfer was without effect. The cause is still depending in the Circuit Court."
The result is that the order must be set aside and the case remanded to the Circuit Court with directions to proceed in conformity with law.
Ordered accordingly.
NOTES
[1] Section 6 of the "Act to amend the judicial system of the United States," April 29, 1802, c. 31, 2 Stat. 156, 159, provided:

"That whenever any question shall occur before a Circuit Court, upon which the opinions of the judges shall be opposed, the point upon which the disagreement shall happen, shall, during the same term, upon the request of either party, or their counsel, be stated under the direction of the judges, and certified under the seal of the court, to the Supreme Court, at their next session to be held thereafter; and shall, by the said court, be finally decided. And the decision of the Supreme Court, and their order in the premises, shall be remitted to the Circuit Court, and be there entered of record, and shall have effect according to the nature of the said judgment and order: Provided, That nothing herein contained shall prevent the cause from proceeding, if, in the opinion of the court, further proceedings can be had without prejudice to the merits. . . ."
This act was superseded by that of June 1, 1872, c. 255, 17 Stat. 196, which provided:
"That whenever, in any suit or proceeding in a Circuit Court of the United States, being held by a justice of the Supreme Court and the circuit judge or a district judge, or by the circuit judge and a district judge, there shall occur any difference of opinion between the judges as to any matter or thing to be decided, ruled, or ordered by the court, the opinion of the presiding justice or the presiding judge shall prevail, and be considered the opinion of the court for the time being; but when a final judgment, decree, or order in such suit or proceeding shall be entered, if said judges shall certify, as it shall be their duty to do if such be the fact, that they differed in opinion as to any question which, under the act of Congress of April twenty-ninth, eighteen hundred and two, might have been reviewed by the Supreme Court on certificate of difference of opinion, then either party may remove said final judgment, decree, or order to the Supreme Court, on writ of error or appeal, according to the nature of the case, and subject to the provisions of law applicable to other writs of error or appeals in regard to bail and supersedeas."
That was carried forward in 1874, by §§ 650, 652, 654, 693 and 697 of the Revised Statutes. Section 6 of the Judiciary Act of March 3, 1891, c. 517, 26 Stat. 826, 828, provided:
"SEC. 6. . . . Excepting that in every such subject within its appellate jurisdiction the Circuit Court of Appeals at any time may certify to the Supreme Court of the United States any questions or propositions of law concerning which it desires the instruction of that court for its proper decision.
"And thereupon the Supreme Court may either give its instruction on the questions and propositions certified to it, which shall be binding upon the Circuit Courts of Appeals in such case, or it may require that the whole record and cause may be sent up to it for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as if it had been brought there for review by writ of error or appeal.
"And excepting also that in any such case as is hereinbefore made final in the Circuit Court of Appeals it shall be competent for the Supreme Court to require, by certiorari or otherwise, any such case to be certified to the Supreme Court for its review and determination with the same power and authority in the case as if it it had been carried by appeal or writ of error to the Supreme Court."