## UNITED STATES v. STEPHAN.

### No. 26619.

District Court, E. D. Michigan, S. D.

May 6, 1943.

John C. Lehr, U. S. Atty., and John W. Babcock, Asst. U. S. Atty., both of Detroit, Mich., for plaintiff.

Nicholas Salowich, of Detroit, Mich., and James E. McCabe, of Nashville, Tenn., for defendant.

TUTTLE, District Judge.

This is a petition for the allowance of an appeal from the final judgment of this court in this cause sentencing the defendant Max Stephan to death. The defendant was indicted for the crime of treason on June 17, 1942, and was convicted on July 2, 1942, sentence of death being entered on August 6, 1942. Thereafter, the defendant appealed to the United States Circuit Court of Appeals for the Sixth Circuit, which court on February 6, 1943, affirmed the judgment and sentence of this court. Stephan v. United States, 6 Cir., 133 F.2d 87. Defendant, on March 4, 1943, filed with the Supreme Court of the United States a petition for certiorari requesting that court to review the case. On April 5, 1943, the Supreme Court denied the petition for cer-

tiorari, 63 S.Ct. 858, 87 L.Ed. —; but subsequently, on April 14, 1943, upon application of the defendant the Supreme Court entered a stay order restraining this court from executing its sentence, which stay is still in effect. 63 S.Ct. 984, 87 L.Ed. —. Pending the ultimate disposition by the Supreme Court of the petition for certiorari, the defendant has filed with this court on May 1, 1943, a petition for the allowance of an appeal direct to the Supreme Court of the United States under Title 18 of the United States Code Annotated, Section 681.

The question of whether this appeal should be allowed is now before this court. After full consideration of ·the petition and of the law pertaining thereto, the court denies the petition upon two grounds: First, the statute upon which the appeal is based is not now in effect, having been repealed; Second, assuming that the statute is in effect, the time limit specified therein for the filing of a petition for appeal has expired and consequently under the express terms of the statute no appeal can be allowed.

The statute under which this petition is filed was originally enacted on February 6, 1889, c. 113, sec. 6, 25 Stat. 656, and provided that in all criminal cases in the federal courts punishable by death the final judgment of the court shall be reviewed by the Supreme Court of the United States upon writ of error, the writ of error being allowed as of right. This Act was the first one granting authority to the Supreme Court to review a criminal case by appeal or writ of error. United States v. Rider, 163 U.S. 132, 138, 16 S.Ct. 983, 41 L.Ed. 101. At that time, there were no Circuit Courts of Appeals in existence, and Congress naturally provided that in solemn criminal cases punishable by death the defendant could obtain a review of his case by the Supreme Court—the only reviewing court then in existence—as of right.

The Circuit Courts of Appeals, as intermediate appellate courts, were established by Act of March 3, 1891, 26 Stat. 826. Section 4 of this Act provided that all appeals from District Courts should be subject to review by the Supreme Court or Circuit Courts of Appeals, therein established, "as is hereinafter provided." Section 5 of the Act enlarged the reviewing power of the Supreme Court, providing:

"That appeals or writs of error may be taken from the district courts or from the

existing circuit courts direct to the Supreme Court in the following cases:

"In any case in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision.

"From the final sentences and decrees in prize causes.

*"In cases of conviction of a capital or otherwise infamous crime.* [Italics added.]

"In any case that involves the construction or application of the Constitution of the United States.

"In any case in which the constitutionality of any law of the United States, or the validity or construction of any treaty made under its authority, is drawn in question.

"In any case in which the constitution or law of a State is claimed to be in contravention of the Constitution of the United States.

"Nothing in this act shall affect the jurisdiction of the Supreme Court in cases appealed from the highest court of a State, nor the construction of the statute providing for review of such cases."

Then, having enlarged the reviewing power of the Supreme Court by the Act of 1891 to include cases of conviction of any infamous crime, Congress on January 20, 1897, amended the statute to eliminate the words "or otherwise infamous" and again to restrict the reviewing power to capital crimes, 29 Stat. 492.

Next, by the Act of March 3, 1911, 36 Stat. 1087, Congress passed "An Act To codify, revise, and amend the laws relating to the judiciary", which is the original Judicial Code. Section 238 of this Act set forth verbatim the provisions of Section 5 of the 1891 Act, supra, relating to direct appeals to the Supreme Court from the District Courts, except the provision for appeal "In cases of conviction of a capital or otherwise infamous crime", from which the words "or otherwise infamous" had been deleted by the 1897 Act. Jurisdiction was conferred upon the Circuit Courts of Appeals to review final decisions of the district courts in all cases other than those in which a direct review could be had in the Supreme Court (Section 128).

The 1911 Act by Section 297 repealed all other Acts or parts thereof in so far as they were embraced within and superseded by it. While the repealing provision did not expressly refer to Section 5 of the 1891 Act, the verbatim repetition of its provisions for direct review by the Supreme Court with the single omission of the clause pertaining to capital crimes shows clearly the intention of Congress to repeal that clause and to transfer jurisdiction for direct review of capital cases from the Supreme Court to the Circuit Courts of Appeals. Furthermore, the repealing section of the 1911 Act expressly repealed the 1897 Act, supra, which limited review in the Supreme Court to capital and not "otherwise infamous" crimes; and this could have no meaning unless it is interpreted as repealing the clause of the 1891 Act as modified by the 1897 Act and thus removing capital crimes from the kinds of District Court cases directly reviewable in the Supreme Court.

The conclusion that Congress intended to repeal the clause is reinforced by the statement to that effect in the Senate Report of the Special Joint Committee on Revision and Codification of the Laws of United States (Senate Report No. 388, 61st Cong., 2d Sess.), setting forth proposed changes to be made under the bill (S. 7031). Section 225 thereof was identical to Section 238 of the 1911 Act as passed. With reference to the section, the report states (p. 77):

"The only change made in the section is in striking out the words 'in cases of conviction of a capital crime'. The effect of this is to take from the Supreme Court jurisdiction in capital cases and to transfer the jurisdiction it now possesses to the circuit courts of appeals."

The conclusion is inescapable that jurisdiction in the Supreme Court to review directly convictions in the District Court for capital crimes was eliminated and the statute under which the present petition is filed repealed in so far as it provided for such review. If not repealed by the 1911 Act, however, then in all events it was repealed by implication by the Act of February 13, 1925, c. 229, 43 Stat. 936, in which the distribution of appellate jurisdiction between the Supreme Court and the Circuit Courts of Appeals was completely reorganized, with a transfer of a large part of such jurisdiction to the Courts of Appeals. See American Construction Co. v. Jacksonville, T. & K. W. Railway Co., 148 U.S. 372, 382, 13 S.Ct. 758, 37 L.Ed. 486. This Act provided (amending Section 238 of the Judicial Code, supra, 28 U.S.C.A. § 345) that a direct review by the Supreme

Court of a judgment of a District Court could be had only where so provided in five designated sections of the federal statutes and "not otherwise". The Circuit Courts of Appeals were given jurisdiction to review final decisions of the District Courts in all cases save where a direct review could be had in the Supreme Court. See section amending Section 128 of Judicial Code, 28 U.S.C.A. § 225. The five sections designated in which direct review in the Supreme Court could be had do not include Section 681 of Title 18, under which the present petition is filed. Since the Act of 1925 provided for the repeal of all laws inconsistent with it, Section 681 of Title 18, if in effect at that time, was necessarily repealed by it.

■ Thus, it is clear, in this Court's opinion, that the Act under which this petition is filed (or so much of it as provided for direct review by the Supreme Court in capital cases) was repealed by the 1911 Act, supra, or, if not, in all events by the 1925 Act. It is noteworthy that the federal statutes relating to appellate jurisdiction since 1911, at least, have all been drafted on the basis of having cases of this kind appealable only by one route or the other—either direct to the Supreme Court or to the Circuit Court of Appeals—and do not provide for a choice of routes by the losing party in the District Court. Since, moreover, no case is known or has been cited to the Court in which a direct appeal to the Supreme Court has been attempted by a defendant under sentence of death since 1911, it appears that counsel in other capital cases, as well as counsel in this case when appealing to the Circuit Court of Appeals, have recognized that the correct procedure is to appeal to the Circuit Court of Appeals. By this holding, no substantial right of the defendant Stephan to a full review of his case is taken away or curtailed, the situation being rather simply one where the channel of appeal has been changed. The defendant has had an opportunity for a complete review by the Circuit Court of Appeals as a matter of right, which has been exercised by him, and also an opportunity to obtain an additional review by the Supreme Court on certiorari, if any reason therefor should exist.

■ However, even if Section 681 of Title 18 has not been repealed and is now in effect, the present appeal cannot be allowed under the express provisions of the section. That section provides that, "No appeal shall be taken or allowed unless a petition therefor shall be filed with the clerk of the court in which the trial shall have been had during the same term or within such time, not exceeding sixty days next after the expiration of the term of the court at which the trial shall have been had, as the court may for cause allow by order entered of record." The term of court at which the trial of this cause was had expired on November 2, 1942, and consequently much more than sixty days has passed since the expiration of said term. Therefore, the present appeal is not timely.

The petition for the allowance of an appeal to the Supreme Court of the United States shall be denied and an order to that effect will be entered.