## UNITED STATES v. STEPHAN.

### No. 26619.

District Court, E. D. Michigan, S. D.
June 1, 1943.

See, also, D.C., 50 F.Supp. 445.

John C. Lehr, U. S. Atty., and John W. Babcock, Asst. U. S. Atty., both of Detroit, Mich., for plaintiff.

Nicholas Salowich, of Detroit, Mich., and James E. McCabe, of Nashville, Tenn., for defendant.

TUTTLE, District Judge.

This case is before the court on notice by the trial judge pursuant to Rule 7 (Direction for Preparation of Record on Appeal) of Rules of Criminal Procedure After Plea of Guilty, Verdict, or Finding of Guilt, promulgated by the Supreme Court on May 7, 1934, 18 U.S.C.A. following section 688. Trial was had before this court with a jury upon an indictment charging the defendant with treason. On July 2, 1942, the jury returned its verdict finding the defendant guilty as charged. There was a motion for a new trial, which, after argument of counsel and careful consideration by this court, was denied on July 15, 1942. On August 6, 1942, this court sentenced the defendant to death by hanging on November 13, 1942. On August 13, 1942, notice of appeal was filed in the Circuit Court of Appeals for the Sixth Circuit. On February 6, 1943, the five Circuit Judges who heard the case on appeal filed an opinion unanimously affirming the judgment and sentence of this court. 6 Cir., 133 F.2d 87. On March 4, 1943, a petition for certiorari was filed in the Supreme Court of the United States. On April 5, 1943, petition for certiorari was denied by the Supreme Court of the United States. 63 S.Ct. 858, 87 L.Ed. ——. On April 10, 1943, mandate was issued by the Circuit Court of Appeals directing and commanding this court to take proceedings to execute the judgment and sentence theretofore entered by this court and affirmed by said Circuit Court of Appeals. On April 12, 1943, petition of the defendant was filed in the Circuit Court of Appeals praying that the mandate already issued by said court be recalled. On April 13, 1943, said petition to recall the mandate was overruled and denied by the Circuit Court of Appeals. On April 14, 1943, this court, being free from all restraint and in obedience to the mandate of the Circuit Court of Appeals, fixed the 27th day of April, 1943 (in the place and stead of the 13th day of November, 1942), as the date for the execution of said judgment and sentence. A few hours thereafter and on the said 14th day of April, 1943, the Supreme Court of the United States, 63 S.Ct. 984, 87 L.Ed. —— on motion of the defendant, issued a stay restraining the execution of the sentence of death in this case until the further order of said Supreme Court, which said stay order is still in force and effect and restrains this court from executing said sentence of death. This court is advised by counsel that since the denial by the Supreme Court of the United States on April 5, 1943, of the petition for certiorari that defendant has filed another petition with the Supreme Court for a rehearing of said petition for certiorari, which petition for rehearing has also been denied. 63 S.Ct. 1172, 87 L.Ed. ——. On April 28, 1943, counsel for defendant filed in this court a motion for a new trial, and on May 10, 1943, a supplement to said motion for a new trial. In said motion and supplemental motion for a new trial, defendant again urged the same old grounds for a new trial which have been passed upon by this court in the first motion for a new trial, which have been passed upon by the Circuit Court of Appeals in the opinion affirming this court, and which have been passed upon by the Supreme Court in denying the petition for certiorari. In vague and uncertain language, the motion for a new trial hinted that if a new trial were granted there would be newly-discovered evidence, but named no new witnesses whom the defendant would call as witnesses, and it was accompanied by no affidavits from such witnesses that they would give any new evidence. Another ground for a new trial alleged was that defendant had secured his citizenship papers through fraud and that therefore no matter what he did he could not be guilty of treason. Finally, the supplemental motion for a new trial alleged entrapment, without showing any entrapment of any kind whatsoever. This motion and supplemental motion for a new trial, although in the opinion of this court frivolous and without merit, was carefully considered by this court. A written opinion was filed on May 22, 1943, 50 F. Supp. 445, and an order was made denying said motion and supplemental motion for a new trial. On May 1, 1943, counsel for defendant filed in this court a petition for direct appeal to the Supreme Court of the United States. The claimed right of

450

appeal was based upon an old statute enacted in 1889, § 6, 25 Stat. 655, 656, prior to the statute creating the Circuit Court of Appeals, 26 Stat. 826. This court carefully considered that petition and on May 6, 1943, filed a written opinion, 49 F.Supp. 897, holding that said old statute of 1889 had been repealed, and that even if not repealed the defendant had not complied with the terms of said statute. The petition for direct appeal to the Supreme Court was denied by this court.[1]

 Now, defendant has filed a notice of appeal and claims the right to review the order of this court of May 22, 1943, denying a new trial. The notice of appeal is not in duplicate as required by Rule 3 of Rules of Criminal Procedure After Plea of Guilty, Verdict, or Finding of Guilt. There is absolutely nothing in the notice of appeal from which this court can determine to what court defendant now desires to appeal. This court, desiring not only to be fair but if possible to avoid any claim of unfairness by any one, notified counsel to appear in court on June 1, 1943, for the purpose of giving directions relative to said notice of appeal and said claimed right of appeal. At the hearing, the court requested counsel for defendant to elect and state the name of the court to which counsel sought appeal. This, counsel declined to do. This court having already held that the statute for direct appeal to the Supreme Court has been repealed will therefore treat the appeal as being to the Circuit Court of Appeals. The order of this court in denying the motion for a new trial is in the opinion of this court final unless this court has abused its discretion. The views of this court as to the merits of that motion both as to the facts and the law are covered by the written opinion of this court, in denying said motion. It is the finding and conclusion of this court that no substantial question is involved for the review of any court. All the grounds for a reversal or for a new trial which have heretofore been urged and which are now urged are frivolous. Many months of delay have already been obtained by defendant by raising and urging in a multitude of different ways these frivolous questions of law. It would be an abuse of judicial procedure for this court on this notice of appeal to follow the usual rules for preparing a record, having it printed, and the numerous steps fixed by the rules for the usual, ordinary appeal, which would be accompanied by added delay and give no benefit to defendant, other than the further delay. Judgment and sentence of this court should be executed without further bickerings or delays in this court. This court is not attempting to speak for the appellate courts. To the end that there may be no unnecessary delay and at the same time to avoid any appearance that this court is attempting to deprive defendant of any possible right he may possess, an order will be entered directing the Clerk of this court to immediately prepare seven certified copies of every order and document which has been filed in this case since the printed record was certified by the Clerk of this court to the Circuit Court of Appeals, and also seven certified copies of any assignments of error which may be filed on or before Saturday, June 5, 1943. The order of this court at the time of preparing the previous record on appeal required that everything which had been done in this case prior to that time be certified to the Circuit Court of Appeals, so that the prior printed record supplemented by these certified copies which this court now orders to be prepared by the Clerk of this court and filed with the Clerk of the Circuit Court of Appeals will place before that court everything which has happened in this court. The order of this court will further provide that defendant shall have until and including Saturday, June 5, 1943, in which to file with the Clerk of this court an assignment of the errors of which he complains, pursuant to Rule 8 of Rules of Criminal Procedure After Plea of Guilty, Verdict, or Finding of Guilt. On Monday, June 7, 1943, the Clerk of this court shall forward to the Clerk of the Circuit Court of Appeals the seven certified copies of all papers and documents heretofore filed in said cause since the prior record was certified to the Circuit Court of Appeals, including seven certified copies of any assignments of error which may be filed on or before Saturday, June 5, 1943. In order that there may be no misunderstanding, and in order that it may be plain to everyone, this court here states that it does not consider or treat any of these papers which have been filed in this court as restraining this court in any way from carrying out the judgment and sentence of this court except the restrain-

_____
[1] See also 63 S.Ct. 1135, 87 L.Ed. ——.

ing order issued by the Supreme Court of the United States, which is still in full force and effect. In the absence of a restraining order from an appellate court, this court will expect to proceed with the execution of the judgment and sentence, even though the appeal, of which notice was filed in this case on May 28, 1943, is still pending. An order will this day be entered in accordance with this opinion.